

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0685-11

**BILLIE DEAN WASHINGTON, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

PER CURIAM. KELLER, P.J., filed a concurring opinion. ALCALA, J., did not participate.

## O P I N I O N

Billie Dean Washington pleaded guilty to sexual assault of a child. Pursuant to a plea bargain, he was placed on deferred adjudication for ten years. The State moved to adjudicate guilt, and Washington pleaded true to the allegations. Without an agreed recommendation for punishment and before sentencing, Washington waived his right to appeal in a written stipulation of evidence. The trial judge found Washington guilty and sentenced him to twenty years' confinement and a fine of $10,000.

The First Court of Appeals dismissed Washington's *pro se* appeal for want of jurisdiction, noting that Washington's waiver supported the trial judge's certification that Washington waived his right to appeal.[1]  But when a defendant waives his right to appeal before sentencing and without an agreement on punishment, the waiver is not valid.[2]  And contrary to the State's assertion, the record does not confirm that the State gave any consideration for Washington's waiver.[3]  So, on this record, Washington's waiver was not valid.[4]  We reverse the judgment of the court of appeals and remand this case to the court of appeals for proceedings consistent with this opinion.

DATE DELIVERED: April 4, 2012
PUBLISH

---

[1]  *Washington v. State*, No. 01-11-00093-CR, 2011 Tex. App. LEXIS 2449, at *1 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, pet. granted) (mem. op., not designated for publication) (citing TEX. R. APP. P. 25.2(d)).

[2]  *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006).

[3]  *Cf. Ex parte Broadway*, 301 S.W.3d 694, 697–98 & n.7 (Tex. Crim. App. 2009) (distinguishing *Delaney* because the record supported that the State gave consideration for applicant's waiver of appeal).

[4]  *See Ex parte Delaney*, 207 S.W.3d at 799; *see also Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005) (requiring courts of appeals to review the record, if it has been filed, to determine whether the certification is defective).