Opinion issued April
12, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00990-CR

____________

 








MARCUS D. MUKES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1288536

 

 



MEMORANDUM
OPINION








          Appellant,
Marcus D. Mukes, pleaded guilty to the state jail felony offense of possession
of a controlled substance[1]
and pleaded true to the allegations in two state jail felony enhancement
paragraphs.[2]  The trial court deferred a finding of guilt,
found the enhancements true, and, in accordance with the terms of appellant’s
plea bargain agreement with the State, placed appellant on community
supervision for a period of four years.  The
trial court certified that this is a plea-bargain case and that appellant has
no right of appeal.

Subsequently, the State moved to
revoke appellant’s supervision and for adjudication of guilt.  Appellant pleaded true to the State’s
allegations and executed a waiver of his right to appeal, in exchange for the
State’s recommendation that punishment be assessed at confinement in the Institutional
Division of the Texas Department of Criminal Justice for three years.  The trial court revoked appellant’s community
supervision, adjudicated appellant guilty, and, in accordance with the
recommendation of the State, assessed punishment at confinement for three
years.  The trial court certified that
appellant had waived the right of appeal. 
Nevertheless, appellant filed a pro se notice of appeal.  We dismiss the appeal. 

An appeal must be dismissed if a certification
showing that the defendant has the right of appeal has not been made part of
the record.  Tex. R. App. P. 25.2(d); Dears
v. State, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).  The trial court’s certification, which is
included in the record on appeal, states that appellant waived the right of
appeal.  See Tex. R. App. P.
25.2(a).  A valid waiver of appeal
prevents a defendant from appealing without the trial court’s consent. Monreal v. State, 99 S.W.3d 615, 622
(Tex. Crim. App. 2003).

The record reflects that appellant swore
to a stipulation of evidence and judicial confession, pleading “true” to the
allegations in the State’s motion to adjudicate appellant’s guilt.  The document contains an agreement that the
State would recommend revocation of appellant’s community supervision, punishment
of confinement for three years, and no fine. 
The document also includes a “Waiver of Appeal,” stating that, “As part
of my agreement with the prosecutor to plead true, I agree to waive any right to
appeal I may have concerning any issue or claim in this case, including my plea
or [sic] true or admission of guilt.”  Appellant
separately initialed the waiver of appeal. 
The trial court found one of the allegations true, adjudicated appellant
guilty of the underlying offense, and assessed punishment in accordance with
the recommendation.

When a defendant waives his right of
appeal in exchange for consideration from the State, his waiver is made knowingly,
intelligently, and voluntarily, and he may not appeal any matters unless the
trial court first grants permission.  See Ex parte Broadway, 301 S.W.3d 694,
697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and
intelligently waive appeal without sentencing agreement when consideration is
given by State for waiver); Blanco v.
State, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000).  The record shows that appellant waived his
right to appeal as partial consideration, along with his plea of true, for the
State’s recommendation on punishment and that the trial court did not give its
permission to appeal. 

Because appellant has no right of
appeal, we must dismiss this appeal. See
Menefee v. State, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); Dears, 154 S.W.3d at 613.

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Huddle.

 

Do not publish. 
Tex. R. App. P. 47.2(b). 











[1]           See Tex.
Health & Safety Code Ann. § 481.115(a), (b) (West 2010).

 





[2]           See Act of May 29, 1995, 74th Leg.,
R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2734-35, amended by Act of May 25, 2011, 82nd Leg., R.S., ch. 834, §§ 2, 5,
2011 Tex. Gen. Laws 2104, 2104-05 (current version at Tex. Penal Code Ann. § 12.425(a) (West Supp. 2011)).