Opinion issued April
19, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-12-00043-CR

____________

 








VICTOR JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 1250677

 




 
 
 
 
 
 
 


 



MEMORANDUM
OPINION








          Appellant,
Victor Jackson, appeals the trial court’s judgment revoking his community
supervision and adjudicating guilt. Because appellant waived his right of
appeal, we dismiss. 

An appeal must be dismissed unless a certification
showing that the defendant has the right of appeal has been made part of the
record.  Tex. R. App. P.
25.2(d).  A valid
waiver of appeal prevents a defendant from appealing without the trial court’s
consent. Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

The record shows that appellant
pleaded guilty to the felony offense of possession of a controlled substance,
pursuant to an agreement with the State that adjudication of guilt be deferred and that appellant be placed on community
supervision for five years.  In
accordance with the agreement, the trial court deferred adjudication, placed
appellant on five years of community supervision, and assessed a $500
fine.  

Subsequently, the State moved to
revoke appellant’s supervision and to adjudicate guilt.  The record reflects that appellant and his
attorney signed a stipulation of evidence and judicial confession in which
appellant pleaded “true” to every allegation in the State’s petition to proceed
to adjudication.  The document contains
the court’s admonishments, an agreement that the State would recommend punishment
of confinement for six years and a $500 fine, and a “Waiver of Appeal,” stating,
“As part of my agreement with the prosecutor to plead true, I agree to waive
any right of appeal I may have concerning any issue or claim in this case,
including my plea o[f] true or admission of guilt.”  The trial court revoked appellant’s community
supervision, adjudicated appellant guilty, and, in accordance with appellant’s
agreement with the State, assessed punishment at confinement for six years and
a $500 fine.  

When, as here, a defendant waives his
right of appeal as part of an agreement on sentencing and the agreement is
followed by the trial court, his waiver is made knowingly, intelligently, and
voluntarily, and he may not appeal any matters unless the trial court first
grants permission.  Ex parte Broadway, 301 S.W.3d 694, 697–99
(Tex. Crim. App. 2009).  The
record shows that the trial court did not give its permission to appeal;
rather, it certified that appellant waived the right of appeal.  The records support the trial court’s
certification. See Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Because appellant has no right of
appeal, we must dismiss this appeal. See
Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of
appeals, while having jurisdiction to ascertain whether an appellant who
plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a
prohibited appeal without further action, regardless of the basis for the
appeal.”).

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Keyes, Bland, and Sharp.

 

Do not publish. 
Tex. R. App. P.
47.2(b).