**Opinion issued February 5, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00510-CR

———————————

**ROYLAND TREMAINE JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1286315**

---

## MEMORANDUM OPINION

Appellant, Royland Tremaine Jones, without an agreed punishment recommendation from the State, pleaded guilty to the felony offense of burglary of

a habitation with intent to commit theft.[1] The trial court deferred a finding of guilt and placed appellant on community supervision for four years. After the State moved to adjudicate appellant's guilt, he pleaded true to the State's allegations in the State's motion and executed a waiver of his right to appeal in exchange for the State's recommendation that his punishment be assessed at confinement for four years with a fine of $100.00. The trial court found appellant guilty and assessed his punishment in accordance with the State's recommendation.

We dismiss the appeal. An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the record, states that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a).

A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The record reflects that appellant swore to a stipulation of evidence and judicial confession, pleading "true" to the allegations in the State's motion to adjudicate his guilt. The document contains an agreement that the State would recommend adjudication of appellant's guilt, and punishment of confinement for four years with a fine of $100.00. The document also includes a "Waiver of

---

[1]    *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).

Appeal," in which appellant states that, "As part of my agreement with the prosecutor to plead true, <u>I AGREE TO WAIVE</u> any right to appeal I may have concerning any issue or claim in this case, including my plea or [sic] true or admission of guilt." And appellant separately initialed the waiver of appeal. The trial court found the allegations true, adjudicated appellant's guilt, and assessed punishment in accordance with the State's recommendation.

When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration given by State for waiver). The record shows that appellant waived his right to appeal as partial consideration, along with his plea of true, for the State's recommendation on punishment and that the trial court did not give its permission to appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).