**Opinion issued April 14, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00501-CR

———————————

**ANDREW OLEVIA JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case No. 1390646**

---

## MEMORANDUM OPINION

Appellant, Andrew Olevia Jones, was charged with the offense of assault of

a family member after having been previously convicted of an assault against a

family member, a second-degree felony.[1] The indictment included two

---

[1]     *See* TEX. PENAL CODE ANN. § 22.01(b-1) (West 2011).

enhancement paragraphs alleging that Jones had two prior felony convictions, one for aggravated robbery and another for possession of a controlled substance. Jones pleaded guilty without an agreed recommendation as to punishment, but with an agreement that the State would abandon the enhancement regarding his prior felony conviction for possession of a controlled substance. Abandoning the second enhancement reduced the punishment range considered by the trial court from that of a habitual felony offender with two prior felony convictions (twenty-five years to life imprisonment) to that of a first-degree felony (five years to life imprisonment).[2] In accordance with this agreement, the trial court assessed punishment at fifteen years' imprisonment and certified that Jones waived his right to appeal.

Jones subsequently filed a notice of appeal and argues, among other things, that he did not waive his right to appeal because his plea was entered without an agreed recommendation as to punishment. In response, the State has filed a motion to dismiss the appeal arguing that Jones waived his right to appeal because the State provided consideration for the waiver by abandoning an enhancement to

[2] *See* TEX. PENAL CODE ANN. §12.32(a) (West Supp. 2014) (punishment range for first-degree felony is five years to life imprisonment); TEX. PENAL CODE ANN. 12.42(b) (West Supp. 2014) (with an exception not applicable to this case, second-degree felony is enhanced to first-degree felony if defendant has previously been finally convicted of a felony other than a state jail felony), TEX. PENAL CODE ANN. 12.42(d) (with exceptions not applicable to this case, punishment range for felony offense with two prior final felony convictions is twenty-five years to life imprisonment).

2

lower the applicable punishment range. Because we find that the trial court's certification that Jones waived his right to appeal is supported by the record, we grant the State's motion and dismiss this appeal.

**Analysis**

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which was signed by Jones, states that Jones waived his right of appeal. *See* TEX. R. APP. P. 25.2(a). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *See Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). We review the record to determine whether the record supports the trial court's certification. *See Dears*, 154 S.W.3d at 615 (providing that an appellate court may review the record to determine whether an appellant has the right to appeal).

Our review of the record indicates that, on March 19, 2014, the State agreed to abandon the enhancement dealing with Jones's prior conviction for possession of a controlled substance, and Jones entered a plea of guilty without a recommendation as to punishment. As part of the plea paperwork, Jones signed a document styled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, " which states: "Further, I waive any right of appeal which I

may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." The document provides that the plea was entered without an agreed recommendation as to punishment and strikes the second enhancement paragraph regarding Jones's prior felony conviction for possession of a controlled substance. The plea paperwork also includes another document from the State memorializing its agreement to drop the enhancement in exchange for Jones's plea without an agreed recommendation.

A defendant may knowingly and intelligently waive his appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (holding that "a defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver."); *Jones v. State*, No. 01-14-00510-CR, 2015 WL 505179, at *1 (Tex. App.—Houston [1st Dist.] Feb. 5, 2015, no pet.) (mem. op., not designated for publication) ("When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission.") (citation omitted). Here, the State provided consideration for Jones's waiver by abandoning the second enhancement allegation, thereby reducing Jones's punishment range to that of a first-degree

felony and removing the twenty-five year minimum sentence from the trial court's consideration.

## Conclusion

We find that the record shows that Jones waived his right to appeal as consideration, along with his plea, for the State's abandoning the second enhancement. Because the trial court's certification that Jones waived his right to appeal is supported by the record and the trial court has not given its permission to appeal, Jones has no right of appeal and we must dismiss this appeal. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613. Accordingly, we grant the State's motion to dismiss the appeal for want of jurisdiction. We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).