PD-0587-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/19/2015 10:28:12 AM
Accepted 6/19/2015 2:44:01 PM
ABEL ACOSTA
CLERK

**PD-0587-15**

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS

---

## ANDREW OLEVIA JONES

*Appellant,*

## vs.

## THE STATE OF TEXAS

*Appellee*

---

Petition for Discretionary Review from the First Court of Appeals
No. 01-14-00501-CR, affirming the conviction of Cause No. 1390646
338th District Court of Harris County, Texas
Honorable Brock Thomas, Judge Presiding

---

FILED IN
COURT OF CRIMINAL APPEALS

June 19, 2015

ABEL ACOSTA, CLERK

**ALEXANDER BUNIN**
Chief Public Defender,
Harris County, Texas

_____

**MELISSA MARTIN**
Assistant Public Defender
Harris County, Texas
TBN. 24002532
1310 Prairie, Suite 980
Houston, TX 77002
Phone: (713)274-6709
Fax: (713)437-4319
melissa.martin@pdo.hctx.net

**Attorney for Appellant**

IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                    Andrew Olevia Jones
                                              TDCJ# 01930243
                                              Eastham Unit, TDCJ
                                              2665 Prison Road #1
                                              Lovelady, TX 75851


TRIAL PROSECUTOR:                             Jim O'Donnell
                                              Assistant District Attorney
                                              Harris County Texas
                                              1201 Franklin St, 6th Floor
                                              Houston, TX 77002


DEFENSE COUNSEL AT TRIAL:                     Thomas Joseph Lewis
                                              Attorney at Law
                                              1602 Washington Ave
                                              Houston, TX 77007


COUNSEL ON APPEAL FOR APPELLANT:              Melissa Martin
                                              Assistant Public Defender
                                              Harris County TX
                                              1201 Franklin St, 13th Floor
                                              Houston, TX 77002
                                              melissa.martin@pdo.hctx.net


PRESIDING JUDGE:                              Hon. Brock Thomas
                                              338th District Court
                                              Harris County, TX
                                              1201 Franklin St, 15th Floor
                                              Houston, TX 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..................................................................ii

TABLE OF CONTENTS..................................................................................iii

INDEX OF AUTHORITIES .............................................................................. iv

STATEMENT OF THE CASE ............................................................................ 1

STATEMENT OF PROCEDURAL HISTORY ......................................................... 1

STATEMENT REGARDING ORAL ARGUMENT ................................................... 1

GROUND FOR REVIEW ................................................................................. 1

THE COURT OF APPEALS ERRED IN DISMISSING MR. JONES'S APPEAL BECAUSE, AS ARGUED IN HIS BRIEF ON APPEAL, THE TRIAL COURT'S CERTIFICATION OF RIGHT TO APPEAL WAS DEFECTIVE IN STATING THAT HE HAD WAIVED HIS RIGHT TO APPEAL. MR. JONES BELIEVES THE COURT OF APPEALS INCORRECTLY APPLIED THIS COURT'S DECISION IN *EX PARTE BROADWAY*, 301 S.W.3D 694 (TEX. CRIM. APP. 2009) AND FAILED TO FOLLOW *EX PARTE DELANEY*, 207 S.W.3D 794 (TEX. CRIM. APP. 2006), WHICH MORE APTLY FITS THE CIRCUMSTANCES OF MR. JONES'S PLEA.

ARGUMENT

    A. PERTINENT RECORD DOCUMENTS ........................................................... 2

    B. THE COURT OF APPEALS' RATIONALE FOR DISMISSAL ........................................ 3

    C. APPELLANT'S RESPONSE ..................................................................... 4

PRAYER ................................................................................................... 6

CERTIFICATE OF SERVICE ............................................................................ 7

CERTIFICATE OF COMPLIANCE ...................................................................... 8

APPENDIX

# INDEX OF AUTHORITIES

**Cases**

*Ex Parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009)............................. 2, 4, 5, 6

*Ex Parte Delaney*, 207 S.W.3d 794 (Tex. Crim. App. 2006) .............................. 2, 4, 5, 6

*Jones v. State*, 01-14-00501-CR, 2015 WL 1734910, at *2 (Tex. App.—Houston [1st Dist.]
Apr. 14, 2015, no. pet. h.) ...............................................................................1

*Jones v. State*, 01-14-00510-CR, 2015 WL 505179, at *1 (Tex. App.—Houston [1st Dist.]
Feb. 5 2015, no pet.) ........................................................................................ 4

## Statement of the Case

On March 19, 2014, appellant Andrew Olevia Jones entered a guilty plea without an agreed recommendation from the state (C.R. at 53). After a hearing on a Presentence Investigation Report on May 14, 2015, the trial court sentenced him to 15 years in the Institutional Division of the Texas Department of Criminal Justice (C.R. at (C.R. at 91). He timely filed a notice of appeal on June 4, 2014 (C.R. at 94).

## Statement of Procedural History

Appellant's brief was filed on November 18, 2014 and the state responded with a motion to dismiss the appeal on the basis that appellant had waived his right to appeal. The First Court of Appeals agreed with the state and dismissed the appeal in a memorandum opinion issued April 14, 2015. *Jones v. State*, No. 01-14-00501-CR, 2015 WL 1734910 (Tex. App.—Houston [1st Dist.], not designated for publication). A motion to extend time to file a Petition for Discretionary Review until June 15, 2015 was granted by this Court on May 15, 2015 and this Petition is being filed within 15 days of that date and is therefore timely filed.

## Statement Regarding Oral Argument

Appellant waives oral argument.

## Ground for Review

The court of appeals erred in dismissing Mr. Jones's appeal because, as argued in his brief on appeal, the Trial Court's Certification of Right to Appeal was defective in stating that he had waived his right to appeal. Mr. Jones believes the court of appeals

1

incorrectly applied this Court's decision in *Ex Parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009) and failed to follow *Ex Parte Delaney*, 207 S.W.3d 794 (Tex. Crim. App. 2006), which more aptly fits the circumstances of Mr. Jones's plea.

## Argument

### A.     Pertinent Record Documents

Mr. Jones pleaded guilty to an aggravated assault of a family member, with a prior conviction for aggravated assault of a family member, a second-degree felony and one prior felony enhancement for aggravated robbery. His punishment range, therefore, was five years to 99 years, or life in prison (C.R. at 53).

Mr. Jones signed the standard plea of guilty form, entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," on which a second felony enhancement paragraph was crossed out (C.R. at 54, copy of plea papers attached as Appendix). The last paragraph of the second page of that form states:

> I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at_____
>
> _____
>
>  WOAR (handwritten)
>
> _____
> and I agree to the recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor.

(C.R. at 54).

In addition, Mr. Jones initialed and signed the standard "Plea Admonishments" form, which includes the following paragraph:

3. PERMISSION TO APPEAL: If the punishment assessed by the Court does not exceed the punishment recommended by the prosecuting attorney and agreed to by you and your attorney, the Court must give its permission to you before you can appeal any matter in the case, except for matters that were raised by written motion filed prior to trial.

(C.R. 57-58).

Mr. Jones and his attorney signed the Trial Court's Certification of Defendant's Right to Appeal, which indicates "the defendant has waived the right to appeal." (C.R. at 60).

Following the Certification in the Clerk's Record is a document with no title that records the case number, the defendant's name, "Plea information" (C.R. at 61), and the prosecutor's name. On the lines following "Plea information" is handwritten "Abandon one e (circled) ¶, plead to PSI WOAR."

## B.     The Court of Appeals' Rationale for Dismissal

The Court of Appeals bases its decision to dismiss the appeal on the boilerplate language at the bottom of the standard plea form: "Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor" and the document indicating that the state abandoned one of the enhancement paragraphs and the plea would be without an agreed recommendation.

> The document provides that the plea was entered without an agreed recommendation as to punishment and strikes the second enhancement paragraph regarding Jones's prior felony conviction for possession of a controlled substance. The plea paperwork also includes another document

3

from the State memorializing its agreement to drop the enhancement in exchange for Jones's plea without an agreed recommendation

*Jones v. State*, 01-14-00501-CR, 2015 WL 1734910, at *2 (Tex. App.—Houston [1st Dist.] Apr. 14, 2015, no. pet. h.)

Further the court relies on *Broadway* for the proposition that "A defendant may knowingly and intelligently waive his appeal as part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver." *Broadway*, 301 S.W.3d at 699. And the court cites its own, unpublished opinion, another *Jones v. State*, to state: "(When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily and he may not appeal any matters unless the trial court first grants permission.)" *Jones v. State*, 01-14-00510-CR, 2015 WL 505179, at *1 (Tex. App.—Houston [1st Dist.] Feb. 5 2015, no pet.)

## C. Appellant's Response

In *Broadway*, this Court distinguished the circumstances of the plea in that case from those in *Delaney*.

> In *Ex parte Delaney,* 207 S.W.3d 794, 795–96 (Tex.Crim.App.2006), the defendant chose a similar procedural strategy; he pled guilty without an agreed recommended sentence, waived his right to appeal, and waived his right to a jury trial.[6] The issue considered by this Court was whether the waiver of the right to appeal was made voluntarily, knowingly, and intelligently given the following circumstances: (1) the defendant signed the waiver before final adjudication and sentencing; (2) the waiver was not bargained for; and, (3) punishment was uncertain when the waiver was signed, but the range of punishment for the offense was known. *Id.* at 796. We held that a pre-trial or pre-sentencing waiver of the right to appeal is

4

not voluntary, knowing, and intelligent when the consequences of the waiver are not known with certainty. *Id.* at 799.

*Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009).

In *Broadway*, the defendant had rejected a plea bargain and pursued going to the judge without an agreed recommendation in hopes of being granted deferred adjudication. The trial court had made findings of facts and conclusions of law after a writ hearing, in which he found that the state had been unwilling to allow the defendant to waive a jury trial. This Court held that there had been a bargain because the defendant "induced" the state to permit him to waive a jury trial in exchange for his waiver of appeal. *Id* at 697-98.

In contrasting its decision in *Broadway* to that in *Delaney*, the Court stated:

> In *Delaney,* we concluded that the defendant's waiver of appeal was not made voluntarily, knowingly, and intelligently because the consequences of the waiver were not "known with certainty." *Delaney,* 207 S.W.3d at 799. Though it was not a plea-bargain case, our opinion endorsed a plea agreement that identified the actual punishment or maximum punishment; but, we stated, "simply knowing the range of punishment for the offense is not enough to make the consequences of a waiver known with certainty, because it still does not allay the concern that unanticipated errors may occur at the punishment phase of trial." *Id.*

*Broadway*, 301 S.W.3d at 698.

There is nothing in the documents described above, or anywhere else in the record, that Mr. Jones induced the state to abandon one of the enhancements against its by agreeing to waive his appeal so he could attempt to obtain deferred adjudication.

5

There is no mention in any document, nor in the reporter's record, that he refused a plea bargain until the state agreed to let him waive his jury trial.

The document following the plea containing "Plea information" is just that—information—it memorializes no bargained-for agreement.

Just as in *Delaney*, appellant signed the guilty plea including the "waiver" prior to sentencing, the waiver was not bargained for, and punishment was uncertain when it was signed. In this case, it was even more uncertain than in *Delaney* because at the plea, the trial court misstated the range of punishment as from two to 20 years (2 R.R. at 5). Further, the trial court stated: "This case is a plea without an agreed recommendation. That means it is what it says, that there is not an agreement between you and the State as to what the resolution of this case should be. Do you understand that?" (2 R.R. at 7-8).

*Broadway* does not stand for the proposition that any time the state permits the defendant to make an open plea there is consideration. If it did, this Court would have overruled *Delaney* but instead, it very specifically distinguished the two cases.

## Prayer

Mr. Jones respectfully asks this Court to grant review, order briefing on the merits, and issue an opinion as to whether the court of appeals misapplied this court's opinion in *Broadway* and erred in dismissing his appeal.

6

Respectfully Submitted,

**ALEXANDER BUNIN**
Harris County Public Defender

*/s/ Melissa Martin*

_____

**MELISSA MARTIN**
Assistant Public Defender
1201 Franklin, 13th Floor
Houston, TX 77002
Phone 713-274-6709
Fax 713-437-4319
Texas Bar No. 24002532
melissa.martin@pdo.hctx.net

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Petition for Discretionary Review was e-served to Alan Curry, Assistant District Attorney, Harris County Texas and to the State Prosecuting Attorney.

/s/Melissa Martin

_____

MELISSA MARTIN

7

# CERTIFICATE OF COMPLIANCE

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(e)(i).*

1.      Exclusive of the portions exempted by *Tex. R. App. Proc. 9.4 (i)(1)*, this brief contains 1,552 words printed in a proportionally spaced typeface.

2.      This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 12 point font in footnotes produced by Microsoft Word software.

3.      Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*/s/ Melissa Martin*

_____

**MELISSA MARTIN**

State's 1
P6

THE STATE OF TEXAS
VS.

**ANDREW OLEVIA JONES**
5827 W. TIDWELL
HOUSTON, TX

01221455

SPN:
DOB: BM 11/25/73
DATE PREPARED: 6/7/2013

D.A. LOG NUMBER:1965798
CJIS TRACKING NO.:

BY: AC  DA NO: 002501772
AGENCY:HPD
O/R NO: 65596513Y
ARREST DATE: **TO BE**

NCIC CODE: 1399 03

RELATED CASES:

FELONY CHARGE: **Assault of Family Member Second Offender and Impeding BreathingAssault of Family Member Second Offender**
CAUSE NO.:
HARRIS COUNTY DISTRICT COURT NO:
FIRST SETTING DATE:

**1390646**
**338**

BAIL: $NO BOND
PRIOR CAUSE NO:

---

## WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION

In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, **ANDREW OLEVIA JONES**, hereafter styled the Defendant, heretofore on or about **MAY 27, 2013**, did then and there unlawfully, intentionally and knowingly cause bodily injury to GABRIEL JONES, hereafter styled the Complainant, a member of the Defendant's family, by impeding the normal breathing or circulation of the blood of the Complainant by applying pressure to the Complainant's neck.

It is further presented that, before the commission alleged above, the Defendant, on JANUARY 17, 2008, in the 232ND DISTRICT COURT of HARRIS County, Texas, in Cause Number 1130503, was convicted of AGGRAVATED ASSAULT OF A FAMILY MEMBER, which was committed against a member of the Defendant's family.

Before the commission of the offense alleged above, (hereafter styled the primary offense), on OCTOBER 29, 1992, in Cause Number 646478, in the 174TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of AGGRAVATED ROBBERY.

Before the commission of the primary offense, and after the conviction in Cause Number 646478 was final, the Defendant committed the felony of POSSESSION OF A CONTROLLED SUBSTANCE and was finally convicted of that offense on JUNE 15, 1999, in Cause Number 807973, in the 262ND DISTRICT COURT of HARRIS County, Texas.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

# APPENDIX

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

I understand the above allegations and I confess that they are true and that the acts alleged above were committed on

*May 27, 2013*

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at _____

*WOAR*

and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor.

_____
DEFENDANT

Sworn to and Subscribed before me on ___3/19/2014___

_____ 3/19/2014
HARRIS COUNTY DEPUTY DISTRICT CLERK

I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him. I believe that he is competent to stand trial. I agree to the prosecutors recommendation as to punishment. I waive any further time to prepare for trial to which I or the defendant may be entitled.

Thomas J. Lewis
_____        _____
DEFENDANT'S ATTORNEY (PRINT)             SIGNATURE OF DEFENDANT'S ATTORNEY

I consent to and approve the above waiver of trial by jury and stipulation of evidence

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS

This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.

**FILED**
Chris Daniel
District Clerk

Time: _____
MAR 19 2014
By _____
Harris County, Texas
Deputy

_____
JUDGE PRESIDING

**PLEA OF GUILTY**

54

CAUSE NUMBER  1390646

THE STATE OF TEXAS                          IN THE 338th DISTRICT COURT

V.                                          OF

Andrew Jones                                HARRIS COUNTY, TEXAS

## PLEA ADMONISHMENTS

Pursuant to Article 26.13 of the Texas Code of Criminal Procedure, the Court hereby admonishes in writing the Defendant in the above-captioned cause of action as follows and instructs the Defendant to place his initials by each of the following admonitions to indicate that he fully understands each admonition.

(A.J.) 1.    You are charged with the felony criminal offense of _Assault Family Member_ _Impeded Breathing_.

_____ 2.    The State moves to reduce such charge to the felony / misdemeanor offense of _____

_____.

If convicted of this offense, you face the following range of punishment:

_____ FIRST DEGREE FELONY: a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ FIRST DEGREE FELONY (enhanced with one prior felony conviction): a term of life or any term of not more than 99 years or less than 15 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ SECOND DEGREE FELONY: a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

A.J. SECOND DEGREE FELONY (enhanced with one prior felony conviction): a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ THIRD DEGREE FELONY: a term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

55



_____ HABITUAL FELONY OFFENDER: a term of life or any term of not more than 99 years or less than 25 years in the Institutional Division of the Texas Department of Criminal Justice.

_____ THIRD DEGREE FELONY (enhanced with one prior felony conviction): a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ STATE JAIL FELONY: a term of not more than 2 years or less than 6 months in a State Jail and, in addition, a possible fine not to exceed $10,000.

_____ HABITUAL STATE JAIL FELONY: any term of not more than 20 / 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ STATE JAIL FELONY WITH A DEADLY WEAPON OR A PRIOR CONVICTION FOR A 3G OFFENSE UNDER ART. 42.12, CODE OF CRIMINAL PROCEDURE: a term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ STATE JAIL FELONY SENTENCED UNDER PENAL CODE SECTION 12.44 (a): a felony conviction punished as a misdemeanor by a term of not more than one year in a county jail and a possible fine not to exceed $4,000.

_____ STATE JAIL FELONY SENTENCED UNDER PENAL CODE SECTION 12.44 (b): a misdemeanor conviction punished by a term of not more than one year in a county jail and a possible fine not to exceed $4,000.

_____ CLASS A MISDEMEANOR: a misdemeanor conviction punished by a term of not more than one year in a county jail and a possible fine not to exceed $4,000.

_____ CLASS B MISDEMEANOR: a misdemeanor conviction punished by a term of not more than 180 days year in a county jail and a possible fine not to exceed $2,000.

_____ OTHER: the range of punishment is by confinement in the Institutional Division of the Texas Department of Criminal Justice / county jail (circle one) for any term of not more than _____ years and not less than _____ years; in addition there is a possible / mandatory (circle one) not to exceed $_____.

2. PLEA BARGAINS: If no plea bargain agreement exists, the recommendation of the prosecuting attorney is not binding on the Court. If a plea bargain agreement does exist, the Court will inform you whether or not it will follow that plea bargain agreement before making any finding on your plea. Should the Court reject the plea bargain agreement, you will be permitted to withdraw your plea, if you so desire.

3. PERMISSION TO APPEAL: If the punishment assessed by the Court does not exceed the punishment recommended by the prosecuting attorney and agreed to by you and your attorney, the Court

56

must give its permission to you before you can appeal any matter in the case, except for matters that were raised by written motion filed prior to trial.

4. **CITIZENSHIP:** If you are not a citizen of the United States of America, a plea of either Guilty or Nolo Contendre (no contest) for this offense may result in your deportation, or your exclusion from admission to the country, or the denial of your naturalization under applicable federal law.

5. **DEFERRED ADJUDICATION:** If the Court defers adjudicating your guilt and places you on community supervision, upon any violation of any imposed condition of your community supervision, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the Court of whether or not to proceed with the adjudication of your guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including the assessment of your punishment and your right to appeal, continue as if adjudication of guilt had not been deferred.

6. **WAIVER OF PRE-SENTENCE REPORT:** As the Defendant accused of a felony criminal offense in the above-captioned cause of action I have consulted with my attorney, whose name is signed below, regarding the application of Article 42.12(9)(a) of the Texas Code of Criminal Procedure to my case which provides that, prior to imposition of sentence by the Court, the Court shall direct a community supervision officer to report to the Court in writing on the circumstances of the offense with which I am charged, including my criminal history, if any, and my social history. I understand that the Court is not required to order such a report if the only available punishment is imprisonment, unless I request that such a report be made. I hereby do knowingly and voluntarily waive my right to the preparation of a report by a community supervision officer and expressly request that such a report not be prepared, except as may otherwise be required by law.

7. **DRIVER'S LICENSE:** Your driver's license may be suspended as a result of the disposition of this case. In certain circumstances, you may be eligible to receive a restricted driver's license during the period of suspension at the discretion of the Court.

8. Comes now the defendant, joined by my attorney, and hereby states that the foregoing Admonishments, Statements, and Waivers, as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession, were read by me or read to me and were explained to me in the language that I read, write, or understand by my attorney, and / or an interpreter, namely _____, before I signed them. I further state that I fully understand the foregoing Admonishments, Statements, and Waivers, as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession, and that I am aware of and fully understand the consequences of my plea. I waive the right to have a court reporter record my plea of Guilty or Nolo Contendre (no contest) or True. I further state that I am mentally competent, that I fully understand the nature of the charges against me, and that my plea is freely, knowingly, and voluntarily entered. If my attorney was appointed by the Court, I hereby give up and waive any right I may have to wait to prepare for trial. I state that I am totally satisfied with the representation given to me by my attorney, and that in my opinion he or she provided fully effective and competent representation. I waive and give up under Article 1.14 of the Texas Code of Criminal Procedure any and all rights given to me by law whether of form, substance, or procedure. Joined by my attorney, I waive and give up my right to a jury trial in this case as well as my right to require the appearance,

57

confrontation and cross-examination of witnesses. I waive and give up any right of confidentiality that I may have as to the pre-sentence report filed in this case and agree that the report may be publicly filed. I consent to the oral and written stipulations of evidence in this case.

9. JUDICIAL CONFESSION: I hereby state that I have read or have been read the indictment or information filed in this case, and I confess and admit that I committed each and every allegation contained therein. I state that I am guilty of the offenses alleged, as well as any and all lesser included offense. I hereby swear to all the foregoing, and I further swear that all testimony that I give in this case will be the truth, the whole truth, and nothing but the truth, so help me God.

_____
Defendant

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DATE: _____5-14-14_____

_____
Deputy District Clerk
Harris County, Texas

We join and approve the waiver of jury trial pursuant to Article 1.13 of the Texas Code of Criminal Procedure and the stipulations of evidence pursuant to Article 1.15 of the Texas Code of Criminal Procedure. In addition, the Court hereby finds as a fact that the Defendant herein is fully mentally competent, and that his or her plea is freely, knowingly and voluntarily entered.

_____
Attorney for Defendant
(signature)

Thomas Lee
_____
Attorney for Defendant
(printed name)

_____
Assistant District Attorney

_____
Judge Presiding
338th District Court
Harris County, Texas

58

Cause No. 1390648

| STATE OF TEXAS | § | IN THE 338 DISTRICT COURT |
|---|---|---|
| | § | |
| v. | § | |
| | § | |
| Andrew Jones, | § | OF HARRIS COUNTY, TEXAS |
| **Defendant** | | |

## ADVICE OF DEFENDANT'S RIGHT TO APPEAL

**The Court, pursuant to Tex. R. App. P. 25.2, advises the Defendant as follows:**

1. Texas law gives a defendant convicted of a crime the right to appeal his conviction.

2. If you **pleaded guilty** or **no contest** and accepted the punishment recommended by the prosecutor, however, you **cannot** appeal your conviction unless the Court gives you permission. If you **waived** or gave up your right to appeal, you **cannot** appeal your conviction.

3. If you did not plead guilty, you may have the right to appeal. If you want to appeal, you must give notice of appeal **in writing** to this Court's clerk within **30 days**.

4. If an attorney represents you in the court of appeals, your attorney must mail a copy of the court of appeals' judgment and opinion to your last known address. You must tell your attorney in writing of any **change in your address**.

5. If you are not satisfied with your appeal's result, you can ask the Court of Criminal Appeals to review your case by filing a petition for discretionary review in the Court of Criminal Appeals within **30 days** of the issuance of the opinion by the court of appeals. If you fail to inform your attorney of any change in your address, you may lose the opportunity to seek discretionary review.

**The Defendant declares the following to the Court** (choose one):

1. ☑ I read and write English. I have read and I understand this document. _____ (Defendant initial here if true); or

2. ☐ I speak English. _____ (name reader) read this document to me. I understand its contents. _____ (Defendant initial here if true); or

3. ☐ I do not speak English. _____ (name translator) translated this document for me. I understand its contents. _____ (Defendant initial here if true).

_Andrew Oldria Jones_
Defendant's signature
Sworn to and subscribed before me on __3/19/2014__.

_____ 3/19/2014
Harris County Deputy District Clerk

**FILED**
Chris Daniel
District Clerk
Time: _____
MAR 19 2014
By _____
Harris County, Texas
Deputy

_____
**PRESIDING JUDGE**
338th District Court
Harris County, Texas

Revised 5/2/12

59

 

Cause No. 1390646

THE STATE OF TEXAS

v.

Andrew Jones , Defendant

IN THE 338 DISTRICT COURT

~~COUNTY CRIMINAL COURT AT LAW NO.~~

HARRIS COUNTY, TEXAS

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

- ☐ is not a plea-bargain case, and the defendant has the right of appeal. [*or*]
- ☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal. [*or*]
- ☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [*or*]
- ☐ is a plea-bargain case, and the defendant has NO right of appeal. [*or*]
- ☒ the defendant has waived the right of appeal.

**FILED**
Chris Daniel
District Clerk
MAR 19 2014
Harris County, Texas

_____     3/19/2014  Time: ____
Judge                            Date Signed   By ____

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____          Thoma Lewis
Defendant                             Defendant's Counsel

Mailing Address: _____          State Bar of Texas ID number: 12308540

Telephone number: _____           Mailing Address: 1602 Washington

Fax number (if any): _____          Telephone number: 713/256-6779

                                      Fax number (if any): 713/861-2951

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case-that is, a case in which a defendant's plea was guilty or *nolo contendere* and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULES OF APPELLATE PROCEDURE 25.2(a)(2).

60

Case # ___1390646___

Defendant Name _Andrew Jones_

Plea information

_____Abandon one @ A, plead to PSI WBAR_____

_____

_____

_____

D. A. Name _Matt Harding_

FILED
Chris Daniel
District Clerk
Time: _____
MAR 19 2014
By _____
Harris County, Texas
Deputy _____

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

61

2015 WL 1734910
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR
DESIGNATION AND SIGNING OF OPINIONS.

DO NOT PUBLISH. TEX. R. APP. P. 47.2(B).
Court of Appeals of Texas,
Houston (1st Dist.

Andrew Olevia Jones, Appellant

v.

The State of Texas, Appellee

NO. 01–14–00501–CR  |
Opinion issued April 14, 2015

**On Appeal from the 338th District Court, Harris County, Texas, Trial Court Case No. 1390646**

**Attorneys and Law Firms**

Melissa Martin, for Andrew Olevia Jones.

Devon Anderson, Alan Curry, David C. Newell, for the State of Texas.

Panel consists of Justices Keyes, Bland, and Massengale.

## MEMORANDUM OPINION

PER CURIAM

**\*1** Appellant, Andrew Olevia Jones, was charged with the offense of assault of a family member after having been previously convicted of an assault against a family member, a second-degree felony.[1] The indictment included two enhancement paragraphs alleging that Jones had two prior felony convictions, one for aggravated robbery and another for possession of a controlled substance. Jones pleaded guilty without an agreed recommendation as to punishment, but with an agreement that the State would abandon the enhancement regarding his prior felony conviction for possession of a controlled substance. Abandoning the second enhancement reduced the punishment range considered by the trial court from that of a habitual felony offender with two prior felony convictions (twenty-five years to life imprisonment) to that of a first-degree felony (five years to life imprisonment).[2] In accordance with this agreement, the trial court assessed punishment at fifteen years' imprisonment and certified that Jones waived his right to appeal.

1   See TEX. PENAL CODE ANN. § 22.01(b–1) (West 2011).

2   See TEX. PENAL CODE ANN. § 12.32(a) (West Supp. 2014) (punishment range for first-degree felony is five years to life imprisonment); TEX. PENAL CODE ANN. 12.42(b) (West Supp. 2014) (with an exception not applicable to this case, second-degree felony is enhanced to first-degree felony if defendant has previously been finally convicted of a felony other than a state jail felony), TEX. PENAL CODE ANN. 12.42(d) (with exceptions not applicable to this case, punishment range for felony offense with two prior final felony convictions is twenty-five years to life imprisonment).

Jones subsequently filed a notice of appeal and argues, among other things, that he did not waive his right to appeal because his plea was entered without an agreed recommendation as to punishment. In response, the State has filed a motion to dismiss the appeal arguing that Jones waived his right to appeal because the State provided consideration for the waiver by abandoning an enhancement to lower the applicable punishment range. Because we find that the trial court's certification that Jones waived his right to appeal is supported by the record, we grant the State's motion and dismiss this appeal.

### Analysis

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. See TEX. R. APP. P. 25.2(d); Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which was signed by Jones, states that Jones waived his right of appeal. See TEX. R. APP. P. 25.2(a). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. See Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). We review the record to determine whether the record supports the trial court's certification. See Dears, 154 S.W.3d at 615 (providing that an appellate court may review the record to determine whether an appellant has the right to appeal).

**\*2** Our review of the record indicates that, on March 19, 2014, the State agreed to abandon the enhancement dealing with Jones's prior conviction for possession of a controlled substance, and Jones entered a plea of guilty

APPENDIX

without a recommendation as to punishment. As part of the plea paperwork, Jones signed a document styled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which states: "Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." The document provides that the plea was entered without an agreed recommendation as to punishment and strikes the second enhancement paragraph regarding Jones's prior felony conviction for possession of a controlled substance. The plea paperwork also includes another document from the State memorializing its agreement to drop the enhancement in exchange for Jones's plea without an agreed recommendation.

A defendant may knowingly and intelligently waive his appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver. *See Ex parte Broadway,* 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (holding that "a defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver."); *Jones v. State,* No. 01–14–00510–CR, 2015 WL 505179, at *1 (Tex.App.–Houston [1st Dist.] Feb. 5, 2015, no pet.) (mem. op., not designated for publication) ("When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission.") (citation omitted). Here, the State provided consideration for Jones's waiver by abandoning the second enhancement allegation, thereby reducing Jones's punishment range to that of a first-degree felony and removing the twenty-five year minimum sentence from the trial court's consideration.

### Conclusion

We find that the record shows that Jones waived his right to appeal as consideration, along with his plea, for the State's abandoning the second enhancement. Because the trial court's certification that Jones waived his right to appeal is supported by the record and the trial court has not given its permission to appeal, Jones has no right of appeal and we must dismiss this appeal. *See Menefee v. State,* 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears,* 154 S.W.3d at 613. Accordingly, we grant the State's motion to dismiss the appeal for want of jurisdiction. We dismiss any other pending motions as moot.

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.