**Opinion issued December 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00926-CR

———————————

**JOSUE PABLO ARMENTA-ROSA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 174th District Court
Harris County, Texas
Trial Court Case No. 1196470

## MEMORANDUM OPINION

On June 26, 2009, appellant, Josue Pablo Armenta-Rosa, pleaded guilty without an agreed recommendation to the felony offense of burglary of a habitation and was placed on deferred adjudication community supervision for a period of ten years. On May 20, 2013, the State filed a motion to adjudicate guilt and revoke

Armenta-Rosa's probation. Pursuant to an agreement with the State, Armenta-Rosa pleaded true to the allegations in the State's motion to adjudicate guilt and the State recommended that punishment be assessed at five years' incarceration. On October 15, 2014, in accordance with Armenta-Rosa's agreement with the State, the trial court entered a judgment adjudicating guilt and assessing punishment at five years' incarceration. The trial court certified that Armenta-Rosa waived his right to appeal. Armenta-Rosa, acting pro se, subsequently filed a notice of appeal arguing that he received ineffective assistance of counsel. We dismiss this appeal because the trial court's certification that Armenta-Rosa waived his right to appeal is supported by the record.

## ANALYSIS

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which was signed by Armenta-Rosa, states that Armenta-Rosa waived his right of appeal. *See* TEX. R. APP. P. 25.2(d). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *See Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). We review the record to determine whether the record supports the trial court's certification. *See Dears*, 154 S.W.3d at

2

615 (providing that appellate court may review record to determine whether appellant has right to appeal).

Our review of the record in this case indicates that, on October 15, 2014, the State agreed to recommend punishment at five years' incarceration in return for Armenta-Rosa pleading true to the allegations in the State's motion to adjudicate guilt and waiving his right to appeal. As part of the plea paperwork, Armenta-Rosa signed a document styled "Stipulation of Evidence" in which Armenta-Rosa initialed his pleas of true to the State's allegations and the State's recommended sentence. The signed document includes a section entitled "Waiver of Appeal" in which Armenta-Rosa initialed the following statement waiving his right to appeal as part of his agreement with the State: "As part of my agreement with the prosecutor to plead true, **I AGREE TO WAIVE** any right to appeal I may have concerning any issue or claim in this case, including my plea o[f] true or admission of guilt." (emphasis in original).

A defendant may knowingly and intelligently waive his appeal as a part of a plea where consideration is given by the State for that waiver. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (holding that "a defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver."); *see also Jones v. State*, No. 01-14-00510-CR, 2015 WL 505179, at

*1 (Tex. App.—Houston [1st Dist.] Feb. 5, 2015, no pet.) (mem. op., not designated for publication) ("When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission.") (citation omitted). Here, the State provided consideration for Armenta-Rosa's waiver by recommending that his punishment be assessed at five years' incarceration.

## CONCLUSION

We find that the record shows that Armenta-Rosa waived his right to appeal as consideration, along with his plea of true, for the State's recommending punishment at five years' incarceration. Because the trial court's certification that Armenta-Rosa waived his right to appeal is supported by the record and the trial court did not give its permission to appeal, Armenta-Rosa has no right of appeal and we must dismiss this appeal. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613. Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

4