COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Darion Amos v. The State of Texas

Appellate case number:   01-15-00980-CR

Trial court case number:  1408362

Trial court:                    178th District Court of Harris County

Appellant, Darion Amos, pleaded guilty, without an agreed punishment recommendation, to the felony offense of aggravated robbery—over 65 or disabled. *See* TEX. PENAL CODE ANN. § 29.02(a)(3)(A) (West 2011). The trial court assessed punishment at confinement for sixteen years. Appellant timely filed a notice of appeal.

The Clerk of this Court has examined the clerk's record and has found that the certification of defendant's right to appeal may be defective. On February 18, 2015, the trial court executed a certification of appellant's right to appeal, stating that "the defendant has waived the right of appeal." However, the record does not support a waiver. The clerk's record contains no documents establishing a bargained-for waiver, and the documents filed in this appeal do not support an oral waiver after appellant was sentenced on October 30, 2015.[1] *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *Washington v. State*, 363 S.W.3d 589, 589 (citing *Ex parte Delaney*, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006)); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

---

1    A reporter's record has not yet been filed in this appeal. *See* TEX. R. APP. P. 34.1, 34.6(b). However, appellant has included a copy of the hearing transcript of the October 30, 3015 sentencing hearing as an appendix to his brief. That hearing transcript does not reflect an oral waiver of appeal after appellant was sentenced.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Quinon Brooker, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

We direct the trial court to:

1. Execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right to appeal; and
2. Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the amended certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2). The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: _/s/ Russell Lloyd_
                     ☑ Acting individually     ☐ Acting for the Court

Date: _January 28, 2016_

---

2      Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.