

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-76,059 & AP-76,060

### EX PARTE TERRENCE LADON BROADWAY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### FROM DALLAS COUNTY

MEYERS, J., delivered the opinion of the Court in which KELLER, P.J., KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. WOMACK, J., filed a concurring opinion in which JOHNSON, J., joined. PRICE, J., concurred in the result.

## O P I N I O N

Applicant, Terrence Ladon Broadway, pled guilty to the charges of delivery of a controlled substance and retaliation. He chose to enter an open plea after declining the State's plea-bargain offer. The judge assessed punishment at 25 years' imprisonment. In his applications for writs of habeas corpus, Applicant alleged ineffective assistance of counsel on two grounds: (1) that his counsel failed to inform him of his right to appeal his sentence and (2) that his counsel allowed him to sign a waiver of appeal before he was

sentenced.  In response, one of his attorneys filed an affidavit stating that Applicant waived his right to appeal to induce the State to consent to the waiver of a jury trial.  We filed and set this case for submission to determine whether a defendant can voluntarily waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver.  We answer that question in the affirmative and deny relief on Applicant's writs.

## I.      Facts

Applicant was charged with delivery of a controlled substance, a second-degree felony, and retaliation, a third-degree felony.  TEX. HEALTH & SAFETY CODE ANN. § 481.112; TEX. PENAL CODE ANN. § 36.06.   Both indictments were enhanced by two prior convictions, which raised the minimum punishment to 25 years' imprisonment in each case.  TEX. PENAL CODE ANN. § 12.42.

Before Applicant entered his plea, the judge reviewed the options available to him: "Jury trial or you could take a plea bargain, which is a minimum of 25 years in prison or do an open plea which [would] allow me to consider giving some kind of drug treatment on probation."[1]  Applicant declined the plea-bargain offer and chose to enter an open plea with the hope that the judge would place him on deferred-adjudication community supervision with drug treatment.  In order to secure the judge's ability to consider

---

[1]The record consistently refers to "probation."  However, Article 42.12 of the Code of Criminal Procedure uses the term "community supervision."  CODE CRIM. PROC. ANN. art. 42.12. Previous cases have used the terms interchangeably.  *See Ex parte Insall*, 224 S.W.3d 213, 214 (Tex. Crim. App. 2007).

deferred-adjudication community supervision with drug treatment, Applicant waived his right to a jury trial. CODE CRIM. PROC. ANN. art. 1.13. Applicant pled guilty to both charges and true to the enhancement paragraphs relating to his prior convictions. At sentencing, after reminding Applicant that no plea bargain existed, the judge assessed punishment at 25 years' imprisonment, the minimum punishment.

In his applications for writs of habeas corpus, Applicant alleged ineffective assistance of counsel on the grounds that his attorneys failed to inform him of his right to appeal his sentence and that they allowed him to sign a waiver of appeal before being sentenced. In response, one attorney filed an affidavit stating that Applicant "waived his right of appeal in order to induce the [S]tate to waive its right to force a jury trial in order that he could ask the court to give him deferred adjudication probation with drug treatment."[2] The trial court entered findings of fact and conclusions of law, concluding that "counsel was not ineffective for failing to file a notice of appeal because Applicant had knowingly and voluntarily waived his right to appeal prior to entering his guilty plea."[3] The trial court recommended that relief be denied. We filed and set this case for

---

[2]Though Applicant admits in his applications that he signed a waiver of appeal, his plea agreement form, signed on October 16, 2006, bears his mark next to the paragraph that reads, "I understand that I have a right to appeal to the Court of Appeals."

[3]At first glance, Applicant's decision to enter an open plea and waive his right to appeal appears odd because the primary advantage to entering an open plea is a relatively unlimited right to appeal. TEX. R. APP. P. 25.2(a). In contrast, in a plea-bargain case, the Rules of Appellate Procedure impose restrictions on a defendant's right to appeal. *Id.* Clearly, Applicant found an open plea more appealing than the State's plea-bargain offer, even without its primary benefit.

submission to determine whether a defendant can voluntarily waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver. *Ex parte Broadway*, Nos. AP-76,059 & AP-76,060, 2008 Tex. Crim. App. LEXIS 935 (Tex. Crim. App. Dec. 17, 2008) (not designated for publication).

## II.     Analysis

A defendant in any criminal action has the right of appeal.[4] CODE CRIM. PROC. ANN. art. 44.02.  However, a "defendant in a criminal prosecution for any offense may waive any rights secured him by law."[5] CODE CRIM. PROC. ANN. art. 1.14.  A waiver of the right to appeal made voluntarily, knowingly, and intelligently will prevent a defendant from appealing without the consent of the trial court. *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003).  So, the question becomes whether Applicant voluntarily, knowingly, and intelligently waived his right to appeal. *Id.*

In *Ex parte Delaney*, 207 S.W.3d 794, 795-96 (Tex. Crim. App. 2006), the defendant chose a similar procedural strategy; he pled guilty without an agreed recommended sentence, waived his right to appeal, and waived his right to a jury trial.[6]

---

[4]However, in a plea-bargain case, a defendant may appeal only those matters that were raised by a written motion filed and ruled on before trial, or after getting the trial court's permission to appeal.  TEX. R. APP. P. 25.2(a).

[5]Note that the Code of Criminal Procedure restricts a defendant's ability to waive the right of trial by jury in a capital felony case.  CODE CRIM. PROC. ANN. art. 1.14.

[6]The court placed the defendant on deferred-adjudication probation, but the defendant violated the terms of his community supervision. *Delaney*, 207 S.W.3d at 796.  Ultimately, the court assessed punishment at confinement for life and a fine of $10,000. *Id.*

The issue considered by this Court was whether the waiver of the right to appeal was made voluntarily, knowingly, and intelligently given the following circumstances: (1) the defendant signed the waiver before final adjudication and sentencing; (2) the waiver was not bargained for; and, (3) punishment was uncertain when the waiver was signed, but the range of punishment for the offense was known. *Id.* at 796. We held that a pre-trial or pre-sentencing waiver of the right to appeal is not voluntary, knowing, and intelligent when the consequences of the waiver are not known with certainty. *Id.* at 799. For two reasons, we distinguish the present case from *Delaney* and conclude that Applicant waived his right to appeal voluntarily, knowingly, and intelligently.

## A. Applicant's waiver was the result of a bargain.

A key component to our analysis in *Delaney* was that the waiver of appeal was not the result of a bargain.[7] *Id.* at 798. However, there was a bargain in Applicant's case because the State gave consideration for Applicant's waiver of appeal. It was not a plea bargain; Applicant rejected the plea bargain offered by the State and chose to enter an open plea.[8] But a bargain of a different sort originated from Applicant's decision to

---

[7]*Delaney* emphasizes the absence of a bargain, but only considers agreed recommended sentences to the exclusion of other bargaining possibilities: "When a presentencing waiver of appeal was not bargained for in exchange for an agreed upon sentence, concerns as to the validity of the waiver are raised." *Delaney*, 207 S.W.3d at 798. Though there was no plea bargain and no agreed recommended sentence, *Delaney* possibly involved a different bargain, such as the one agreed to by Applicant: the defendant waiving his right to appeal in exchange for the State consenting to the waiver of a jury trial.

[8]Applicant's plea agreement form documents his choice of an open plea over a plea bargain. Specifically, his plea was open as to community supervision with drug treatment. There

waive his right to a jury in order to ensure that the judge would be able to consider deferred-adjudication community supervision with drug treatment. Under the Code of Criminal Procedure, a defendant may not unilaterally waive the right to a jury trial–the court and the State must consent to the waiver. CODE CRIM. PROC. ANN. art. 1.13. The trial court found that the State did not want to consent to Applicant's waiver of a jury trial. Therefore, Applicant induced the State to consent by waiving his right to appeal. This constituted a bargain and distances Applicant's case from our holding in *Delaney*.

**B.     Applicant knew the consequences of his waiver.**

In *Delaney*, we concluded that the defendant's waiver of appeal was not made voluntarily, knowingly, and intelligently because the consequences of the waiver were not "known with certainty." *Delaney*, 207 S.W.3d at 799. Though it was not a plea-bargain case, our opinion endorsed a plea agreement that identified the actual punishment or maximum punishment; but, we stated, "simply knowing the range of punishment for the offense is not enough to make the consequences of a waiver known with certainty, because it still does not allay the concern that unanticipated errors may occur at the punishment phase of trial." *Id.* Two questions emerge regarding these guidelines for determining certainty.

First, what is the significant difference between a plea agreement that establishes a maximum punishment and a plea agreement that establishes a range of punishment? Why

---

is no agreed sentence indicated.

is the former acceptable and the latter unacceptable when stating the maximum punishment merely delineates one boundary of the possible range? It does not make sense that adding a reference to the minimum sentence in a plea agreement would make an otherwise valid waiver invalid just because the maximum has a corresponding minimum.

Second, it is problematic to say that *Delaney*'s recommended plea agreement, one which states the actual or maximum punishment, will always produce a valid waiver. The danger in that guarantee is that a judge who proceeds to final adjudication of guilt after the revocation of community supervision need not assess punishment in accordance with any plea agreement. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999). The only restrictions on the judge at that point are the relevant statutory limits. *Id.* So, unless the plea agreement simply reports the statutory limits for punishment, it will not accurately reflect the punishment that could be assessed if guilt is adjudicated. The only thing "certain" is that the judge can assess any punishment statutorily permitted.[9]

The other point to be made with regard to the known consequences of waiver is that certainty as to punishment cannot be expected when a defendant opts to decline a

---

[9]This is not the first time we have veered from *Delaney*'s standard for certainty with regard to the consequences of a waiver. In *Insall*, we remarked, "Under the reasoning of *Delaney*, applicant's waiver of his right to seek habeas relief was involuntary or not 'knowingly and intelligently made' because the plea agreement contained only the range of punishment and not a certain punishment to be imposed if guilt was adjudicated." *Insall*, 224 S.W.3d 213 at 215. However, in that case, we determined that the applicant was nevertheless aware of the consequences of his waiver. *Id.*

plea bargain. In this case, Applicant chose to enter an open plea. The fundamental nature of an open plea is uncertainty. If Applicant had agreed to a plea bargain, he would have obtained the benefits provided by Article 26.13, namely an announcement from the judge before any finding on the plea as to whether the court would follow or reject the agreement and the opportunity to withdraw the plea if the court rejected the agreement.[10] CODE CRIM. PROC. ANN. art. 26.13.

III.    Conclusion

In conclusion, we agree with the trial court that Applicant voluntarily, knowingly, and intelligently waived his right to appeal. We deny Applicant relief and hold that a defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver.

Meyers, J.

Delivered: December 16, 2009

Publish

---

[10]We note that a plea bargain will not continue to protect a defendant who receives deferred-adjudication community supervision if the court proceeds to adjudication at a later date. If a defendant violates the terms of the deferred-adjudication community supervision, the court will no longer be limited by the procedures of Article 26.13, which require that the judge sentence in accordance with the plea agreement or allow the defendant to withdraw the plea. *Von Schounmacher*, 5 S.W.3d at 223 (holding that "regardless of whether the deferred adjudication was part of a plea bargain, recommended by the prosecution, imposed by the trial court without objection by the appellant, or granted under other circumstances, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits").