

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-78,751-01 & WR-78,751-02

### EX PARTE JORGE CUEVAS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 007-2780-06-A & 007-0676-07 IN THE 7TH DISTRICT COURT FROM SMITH COUNTY

*Per curiam*. **KELLER, P.J., dissented.**

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and tampering with a government record. He was sentenced to twenty years' and five years' imprisonment, respectively. The court of appeals dismissed his appeals for want of jurisdiction. *Cuevas v. State*, Nos. 12-07-00351-CR & 12-07-00352-CR (Tex. App.—Tyler Oct. 3, 2007) (unpublished).

Applicant contends that his counsel rendered ineffective assistance because she failed to

timely file notice of appeal.

The trial court initially determined that counsel failed to timely file notice of appeal. However, upon remand, the trial court found that Applicant waived appeal as part of a bargain with the State in which Applicant pleaded open to the trial judge. Based on our independent review of the record, we find no evidence in the habeas record supporting the finding that waiver of appeal was part of the initial plea agreement between the parties. *Ex parte Broadway*, 301 S.W.3d 694, 695–96 (Tex. Crim. App. 2009).

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause No. 007-2780-06-A & 007-0676-07 from the Seventh District Court of Smith County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 22, 2013
Do not publish