

**NUMBER 13-14-00297-CR**

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ALEJANDRO BARRIENTES,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

### On appeal from the 107th District Court
### of Cameron County, Texas.

---

# ORDER

### Before Justices Benavides, Perkes and Longoria
### Order Per Curiam

Appellant, Alejandro Barrientes, has filed a notice of appeal with this Court from his conviction in trial court cause number 2013-DCR-657-A. The trial court's certification of the defendant's right to appeal shows that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On May 27, 2014, we ordered appellant's counsel, the Hon. Larry Warner, to, within thirty days, review the record and advise this Court as to whether appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4. Following an abatement hearing, appellant's counsel has filed a response recommending that we determine that appellant's waiver of the right to appeal was ineffective because it was not supported by consideration. The State has not filed a response to the recommendation. Accordingly, this case is hereby REINSTATED.

A defendant's waiver of the right to appeal is only valid if it is made voluntarily, knowingly, and intelligently. *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). In *Ex parte Delaney*, the Texas Court of Criminal Appeals concluded that a defendant who pleaded guilty without an agreed recommended sentence, waived his right to appeal, and waived his right to a jury trial, did not voluntarily, knowingly, and intelligently wave his right to appeal because the consequences of the waiver could not be known with certainty. 207 S.W.3d 794, 799 (Tex. Crim. App. 2006). In this case, appellant pleaded guilty without an agreed recommended sentence, waived his right to appeal, and waived his right to a jury trial. Furthermore, appellant's waiver was not the result of a bargain for which appellant received consideration. *See Ex parte Broadway*, 301 S.W.3d at 697–98 (upholding the waiver of the right of appeal because the defendant received consideration in return for the waiver: the State agreed to accept his waiver of the right to a jury trial so that the trial judge would have the option to consider sentencing the defendant to deferred-adjudication community supervision with drug treatment). Because appellant waived his right to appeal when the consequences of the waiver could not be known with certainty and appellant received no consideration as a result of the waiver, we conclude that the

2

waiver was ineffective and appellant has the right to appeal.  *See Ex parte Delaney*,

207 S.W.3d at 799.  Appellant's brief is due thirty days from the date of this order.


PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of December, 2014.