FILED IN
COURT OF CRIMINAL APPEALS

November 16, 2015

ABEL ACOSTA, CLERK

PD-0587-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/13/2015 2:35:27 PM
Accepted 11/16/2015 3:35:37 PM
ABEL ACOSTA
CLERK

# No. PD-0587-15

In the
Court of Criminal Appeals of Texas
At Austin

————◆————

### No. 01-14-00501-CR

In the Court of Appeals for the
First District of Texas
At Houston

————◆————

## ANDREW OLEVIA JONES

*Appellant*

V.

## THE STATE OF TEXAS

*Appellee*

————◆————

STATE'S BRIEF ON APPELLANT'S
PETITION FOR DISCRETIONAY REVIEW

————◆————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ALAN CURRY**
State Bar No: 05263700
Assistant District Attorney
Harris County, Texas

**JIM O'DONNELL**
**DAVID OVERHULS**
Assistant District Attorneys
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
curry_alan@dao.hctx.net

## STATEMENT REGARDING ORAL ARGUMENT

This Court has not granted oral argument in this case, and oral argument is not necessary.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Complainant, victim, or aggrieved party:

**Gabriel Jones**

Counsel for the State:

**Devon Anderson** ⸺ District Attorney of Harris County

**Alan Curry** ⸺ Assistant District Attorney on appeal

**David Newell** ⸺ Assistant District Attorney on appeal

**Jim O'Donnell** ⸺ Assistant District Attorney at trial

**David Overhuls** ⸺ Assistant District Attorney at trial

> 1201 Franklin, Suite 600
> Houston, Texas  77002

Appellant or criminal defendant:

**Andrew Olevia Jones**

Counsel for Appellant:

**Melissa Martin** — Counsel on appeal

1201 Franklin, 13th Floor
Houston, Texas 77002

**Thomas Lewis** — Counsel at trial

1602 Washington
Houston, Texas 77007

Trial Judge:

**Hon. Brock Thomas** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ......................................................i

IDENTIFICATION OF THE PARTIES ...........................................................ii

INDEX OF AUTHORITIES.......................................................................... v

STATEMENT OF THE CASE ........................................................................ 1

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE...................... 2

STATEMENT OF FACTS .............................................................................. 2

SUMMARY OF THE ARGUMENT................................................................ 2

REPLY TO SOLE ISSUE FOR REVIEW .................................................... 3

CONCLUSION .......................................................................................... 6

CERTIFICATE OF COMPLIANCE ............................................................. 7

CERTIFICATE OF SERVICE ...................................................................... 8

# INDEX OF AUTHORITIES

**CASES**

*Ex parte Broadway*,
   301 S.W.3d 694 (Tex. Crim. App. 2009) .................................................................3, 5

*Ex parte Delaney,*
   207 S.W.3d 794 (Tex. Crim. App. 2006) ................................................................. 3

**STATUTES**

TEX. PENAL CODE ANN. §12.42(b) (2015) ....................................................................... 4

**RULES**

TEX. R. APP. P. 25.2(d) ..................................................................................................... 5

TEX. R. APP. P. 38.2(a)(1)(A) ........................................................................................... ii

TEX. R. APP. P. 70.2 ......................................................................................................... 2

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

## STATEMENT OF THE CASE

The appellant was charged with the felony offense of assault of a family member with a prior conviction for aggravated assault of a family member and, in two enhancement paragraphs, was alleged to have previously committed the offenses of aggravated robbery and possession of a controlled substance (C.R. 24). The appellant entered a plea of guilty to the offense and a plea of true to the allegations in the first enhancement paragraphs, with the State agreeing to abandon the second enhancement paragraph (C.R. 53-54; R.R. 2-5; R.R. 3-7-8). After the trial court found the appellant guilty of the charged offense, he made a finding of true as to the allegations in the remaining enhancement paragraph and assessed the appellant's punishment at confinement for 15 years in prison (C.R. 91; R.R. 3-39-40). A written notice of appeal was timely filed (C.R. 94).

———————◆———————

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

In an unpublished opinion, delivered April 14, 2015, the First Court of Appeals dismissed the appellant's appeal. This Court granted the appellant's petition for discretionary review on August 26, 2015, and the appellant's brief in support of his petition for discretionary review was filed on October 9, 2015. The State now files its brief on the appellant's petition for discretionary review in accordance with TEX. R. APP. P. 70.2.

───────────◆───────────

## STATEMENT OF FACTS

The State challenges all factual assertions in the appellant's brief and presents its account of the facts within its reply to the appellant's sole issue for review.

───────────◆───────────

## SUMMARY OF THE ARGUMENT

Under the unique facts of this particular case, it is not clear that any error was preserved because (1) defense counsel was able to ask the question that he desired of all prospective jurors, (2) no further objections were made to defense counsel's questioning along those lines, (3) the prospective juror who was being questioned and

who answered adversely to the appellant was challenged for cause by agreement, and (4) defense counsel had no objection to the jury that was ultimately selected.

——————————◆——————————

## REPLY TO SOLE ISSUE FOR REVIEW

Under his sole issue for review, the appellant claims, "The court of appeals erred in dismissing appellant's appeal by finding the State had given consideration for the waiver in the plea papers and applying this Court's holding in *Ex parte Broadway*[, 301 S.W.3d 694 (Tex. Crim. App. 2009),] rather than its holding in *Ex parte Delaney,* 207 S.W.3d 794 (Tex. Crim. App. 2006)."

The appellant was initially charged with committing the felony offense of assault of a family member with a prior conviction for aggravated assault of a family member (C.R. 24). In two enhancement paragraphs, the appellant was also initially alleged to have previously committed the offenses of aggravated robbery and possession of a controlled substance (C.R. 24). At the time that the appellant entered a plea of guilty and a plea of true to the first enhancement paragraph, the State agreed to abandon the second enhancement paragraph (C.R. 53-54, 61; R.R. 2-5; R.R. 3-7-8). By abandoning this latter enhancement allegation, the State reduced the appellant's punishment range to that of a first-degree felony, specifically removing the twenty-

3

five year minimum sentence from the trial court's consideration. TEX. PENAL CODE ANN. §12.42(b) (2015).

In the appellant's plea paperwork, he signed a waiver of his right to appeal. (C.R. 54, 59). At the hearing on the appellant's plea of guilty, the trial court only referred to the appellant's prior conviction for aggravated robbery, and the appellant pleaded true to that first enhancement paragraph (R.R. II-5). At a subsequent hearing on the presentence investigation report, the trial court acknowledged the two enhancement allegations and also that the State had abandoned the second enhancement allegation that the appellant had previously been convicted of possession a controlled substance (R.R. III-6).

The appellant's written admonishments reflected that the punishment range in this case was that of a second degree felony enhanced by one prior conviction. (C.R. 55). At the presentence investigation hearing, the trial court clarified that the applicable punishment range was from five to ninety-nine years or life in prison (R.R. III-7). The trial court sentenced the appellant to fifteen years in prison, a sentence that he could not have received without the State agreeing to abandon one of the enhancement paragraphs (C.R. 91). *See* TEX. PENAL CODE ANN. §12.42(b) (2015). The trial court's certification of the appellant's right to appeal reflects that the appellant has waived his right to appeal (C.R. 60).

This Court has made it clear that a pre-sentence waiver of the right to appeal is valid when there is a benefit conferred on the defendant by the State. *Ex parte*

4

*Broadway*, 301 S.W.3d 694, 697-98 (Tex. Crim. App. 2009) (pre-sentence waiver of right to appeal was valid based upon consideration of State's consent to waiver of jury trial). In this case, the appellant clearly benefitted from the State's abandonment of one of the enhancement paragraphs at the time of his plea of guilty regardless of whether he received a sentence recommendation. *Id.* (observing there was consideration for the defendant's pre-trial waiver, even though there was no plea bargain). Consequently, the appellant has validly waived his right to appeal, and the court of appeals properly dismissed the appeal in accordance with that waiver and the trial court's certification that the appellant had waived his right to appeal. TEX. R. APP. P. 25.2(d). The appellant's sole issue for review should be overruled.

————————◆————————

## CONCLUSION

It is respectfully submitted that all things are regular, that the judgment of the

First Court of Appeals should be affirmed, and that the appeal should be dismissed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

# CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 952 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the appellant's attorney at the following address on November 13, 2015:

Melissa Martin
Attorney at Law
1201 Franklin, 13th Floor
Houston, Texas  77002

/s/  **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

Date:  November 13, 2015

8