COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



CONTINUING ABATEMENT ORDER

Appellate case name:       Carey Deshawn Forris-Clemons v. The State of Texas

Appellate case number:    01-16-00437-CR

Trial court case number:  1398951

Trial court:                       174th District Court of Harris County

Appellant, Carey Deshawn Forris-Clemons, pleaded guilty, without an agreed recommendation as to punishment and without any consideration from the State, to the felony offense of injury to a child. As part of his plea, appellant signed the trial court's written admonishments which included a waiver of the right of appeal. On the same date the plea papers were signed, the trial court completed the certification of the defendant's right of appeal and marked the box next to "the defendant has waived the right of appeal."

The State subsequently moved to adjudicate guilt and appellant was adjudicated guilty on April 8, 2016 and was sentenced to 15 years in the Texas Department of Criminal Justice, Institutional Division. The court noted that appellant pleaded guilty without an agreed recommendation. The trial court again completed a certification of the defendant's right of appeal and indicated that the defendant waived the right to appeal.

On July 21, 2016, we issued an order for the trial court to reconsider its certification and to file an amended certification if it determined the original certification was defective. The trial court held a hearing on October 13, 2016. In the hearing record, the trial judge stated he had previously found the defendant had waived his right to appeal and there was no certification in the record. Counsel for the State said there was no check mark by the box for waiver of the right to appeal on the certification and the defendant did not sign the certification.

The basis for our order of July 21 was our concern with the validity of the certification that appellant had waived his right of appeal before he was sentenced and without a plea bargain regarding sentencing. A pretrial or presentencing waiver of the right to appeal is not valid unless the maximum punishment was determined by a plea agreement when the waiver was made, *Ex parte Delaney*, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006), or the record shows the State gave consideration for the waiver. *See Ex parte*

*Broadway*, 301 S.W.3d 694, 697–98 (Tex. Crim. App. 2009). Because our review of the record shows no plea agreement or consideration given by the State for appellant's waiver of the right to appeal, it appears from our review of the record that the trial court's certification that the defendant waived his right to appeal may be incorrect or defective.

The Rules of Appellate Procedure provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

Accordingly, the abatement of this appeal will continue in effect for the trial court to hold further proceedings. The trial court shall conduct a hearing within 30 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

**We direct the trial court to:**

1) Make a finding regarding whether or not appellant has the right to appeal;
2) If necessary, execute an amended certification of appellant's right to appeal;
3) Make any other findings and recommendations the trial court deems appropriate, including whether the maximum punishment was determined by a plea agreement when any waiver of the right of appeal was made or whether the State gave consideration for the waiver; and
4) Enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file supplemental clerk's records containing the trial court's findings, recommendations, and orders with this Court **within 35 days of the date of this order**.

The court reporter is directed to file the reporter's record of the hearing **within 35 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 35 days of the date of this order**.

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The appeal continues to be abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ <u>Harvey Brown</u>
                 ☒ Acting individually

Date: <u>January 19, 2017</u>