

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00208-CR

CHARLIE RAY ADAMSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1403914D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charlie Ray Adamson attempts to appeal from his state jail felony conviction and his sentence of two years' confinement in prison. Because Appellant waived all rights of appeal in exchange for his two-year sentence, we dismiss this appeal.

---

[1]See Tex. R. App. P. 47.4.

Appellant pled guilty to state jail felony theft and true to the sentencing enhancement allegation raising his punishment level to that for a third-degree felony, and the trial court placed him on deferred adjudication community supervision. *See* Tex. Penal Code Ann. § 12.34 (West 2011) (providing range of punishment for third-degree felonies), §§ 12.35(c)(2) (allowing Appellant's prior felony conviction of aggravated robbery with a deadly weapon finding to enhance his punishment), 31.03(a)–(b) (defining theft) (West Supp. 2016); Act of May 29, 2011, 82nd Leg., R.S., ch. 1234, § 21, 2011 Tex. Gen. Laws 3301, 3310 (providing the theft value ladder applicable to Appellant) (amended 2015) (current version at Tex. Penal Code Ann. § 31.03(e)(4)(A) (West Supp. 2016)). About a year and a half later, the State filed a petition to proceed to adjudication.

Appellant agreed to plead true to the allegations in the petition in exchange for an agreed sentence of two years' confinement, the minimum term of confinement for a third-degree felony. *See* Tex. Penal Code Ann. § 12.34(a). He also signed a judicial confession and a waiver of "any and all rights of appeal," which both appear in his written plea admonishments. The trial court followed the agreement, convicted Appellant of theft, and sentenced him to two years' confinement. Appellant filed a timely notice of appeal.

The trial court's certification of appeal provides that this "is a plea-bargain case, and the defendant has NO right of appeal." On July 28, 2017, we notified Appellant that absent a response showing grounds for continuing the appeal, we could dismiss it based on his waiver of appeal included in the written plea

2

admonishments.[2]  *See Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009).  We have received no response.[3]  Accordingly, based on Appellant's waiver of appeal, we dismiss this appeal.


                                                            PER CURIAM

PANEL:  PITTMAN, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 28, 2017

---

[2]While this is a plea-bargained case, it is not a plea-bargained case under rule 25.2 of the Texas Rules of Appellate Procedure because the plea at issue is a plea of true, not a plea of guilty.  *See* Tex. R. App. P. 25.2(a)(2).  Even if the trial court had correctly selected waiver on its certification of appeal, the result would be the same—Appellant cannot appeal.  *See* Tex. R. App. P. 25.2(d), (f); *Denson v. State*, No. 02-14-00492-CR, 2015 WL 294110, at *1 & n.3 (Tex. App.—Fort Worth Jan. 22, 2015, no pet.) (mem. op., not designated for publication).

[3]In response to an earlier letter from this court, Appellant filed a motion for extension of time to file his brief.  We dismiss that motion as moot.