COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ABATEMENT ORDER

Appellate case name:      Darrell Glen Nervis-Peters v. The State of Texas

Appellate case number:   01-17-00831-CR

Trial court case number:  1519293

Trial court:                   263rd District Court of Harris County

Appellant pleaded guilty, without an agreed recommendation as to punishment, to the first-degree felony offense of aggravated robbery by threat with a deadly weapon. The trial court subsequently found appellant guilty as charged and sentenced him to thirty years' imprisonment. The trial court's certification of appellant's right to appeal states that "the defendant has waived the right to appeal."

The State has filed a motion asserting that the record is insufficient to support the certification, and requesting that this Court abate the appeal and remand for the trial court to determine whether appellant has waived his right to appeal. We **grant** the motion.

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

In the underlying case, appellant was charged with committing aggravated robbery by threat with a deadly weapon on June 9, 2016. Following appellant's guilty plea, the State dismissed a separate case, cause number 1544284, in which appellant was charged with committing another aggravated robbery by threat with a deadly weapon on December 18, 2016. The plea agreement in the record does not state that the latter case was dismissed as part of the plea agreement, but the record includes (1) appellant's Motion for New Trial, stating that appellant and the State "entered into an agreement, among other things, that for [appellant's] guilty plea in Cause No.1519293 . . . the District Attorney would dismiss the charges against [appellant] in Cause No. 1544284 . . . , and the two further agreed to allow [the trial court] to sentence [appellant] without any agreed recommendation from the District Attorney" and (2) a case reset form stating that the State made a plea offer to appellant of "PSI on 1 + DISM 1"—*i.e.*, that appellant would plead guilty and have a PSI hearing on one aggravated robbery case, and the State would dismiss appellant's other case.

A defendant may waive his right to appeal as a part of a plea even when sentencing is not agreed upon, where consideration is given by the State for that waiver. *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). But, as the State asserts in its motion, "there is no indication in appellant's plea paperwork, elsewhere in the Clerk's Record, or anywhere in the Reporter's Record that appellant waived his right of appeal as part of his plea agreement with the State to plead guilty in one aggravated robbery case and be sentenced by the trial court following a PSI hearing in exchange for the State dismissing appellant's other aggravated robbery case."

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall within 20 days conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) Make findings regarding whether appellant waived his right to appeal and whether the action in cause number 1544284 was dismissed as consideration for appellant's waiving his right to appeal;

2) If necessary, execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right to appeal; and

3) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The court coordinator of the trial court shall set a hearing date no later than **30 days** from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court within **30 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within **30 days** of the date of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: /s/ Harvey Brown
                       Acting individually

Date: May 24, 2018