**Opinion issued October 18, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-17-00831-CR

———————————

**DARRELL GLEN NERVIS-PETERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1519293**

---

## MEMORANDUM OPINION

Appellant, Darrell Glen Nervis-Peters, pleaded guilty without an agreed recommendation as to punishment to the offense of aggravated robbery by threat with a deadly weapon. As part of a plea agreement with the State, the State dismissed a separate pending aggravated robbery charge against appellant. The trial court

found appellant guilty and sentenced him to thirty years' imprisonment. The trial court certified that appellant had waived his right of appeal, but appellant timely filed a notice of appeal. The State has filed a motion to dismiss the appeal for want of jurisdiction. We grant the motion and dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification is included in the record on appeal and states that appellant waived the right of appeal. The trial court issued findings of fact and conclusions of law demonstrating that appellant agreed to plead guilty and waive his right to appeal in exchange for the State's dismissal of a separate charge against appellant. Thus, the record supports the trial court's certification. *See Dears*, 154 S.W.3d at 615.

A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009); *see also* TEX. CODE CRIM. PROC. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."). "[A] defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver." *Ex parte Broadway*, 301 S.W.3d at 699; *see Jones v. State*, 488 S.W.3d

801, 807 (Tex. Crim. App. 2016) (concluding that defendant waived right to appeal in exchange for State's abandonment of enhancement pursuant to plea agreement without agreement as to punishment). Here, the record reflects that the State gave consideration by dismissing a separate charge against appellant in exchange for appellant's guilty plea and waiver of his right to appeal. Because the trial court's certification that appellant waived his right of appeal is supported by the record and the trial court has not given permission to appeal, appellant has no right of appeal. *Dears*, 154 S.W.3d at 613.

Accordingly, we grant the State's motion to dismiss and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Caughey

Do not publish. TEX. R. APP. P. 47.2(b).