

## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:        Loston Moore, Jr. v. The State of Texas

Appellate case number:    01-18-00498-CR

Trial court case number:  1572146

Trial court:                      185th District Court of Harris County

Appellant pleaded guilty to the third-degree-felony offense of felon in possession of a firearm without an agreed recommendation from the State regarding punishment. The record contains a certification of the defendant's right to appeal providing that defendant has no right of appeal because appellant waived the right to appeal.

The trial court's judgment contains the following special finding: "Appeal waived. No permission to appeal granted." The plea-bargain form contains the standard language, "Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." But, this is not a plea-bargain case. The record does not indicate that the State gave any consideration in return for appellant's guilty plea. Absent any consideration given by the State, there was no plea-bargain agreement and thus, the waiver language on the plea document does not appear to be effective. *See Lopez v. State*, No. 01–14–00637–CR, 2016 WL 1600269, at *2 (Tex. App.—Houston [1st Dist.] Apr. 21, 2016, no pet.) (granting request to reform the record to remove special finding that appeal waived and no permission to appeal granted because record supports certification that appellant had right to appeal). No other document reveals appellant's purported agreement to waive the right to appeal.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* Tex. R. App. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* Tex. R. App. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* Tex. R. App. P. 34.5(c), 37.1.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing **within 20 days of the date of this**

**order** at which a representative of the Harris County District Attorney's Office. Appellant is not currently represented by counsel, but he shall also be present for the hearing in person, or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.

We direct the trial court to:

1) Make a finding regarding whether or not appellant has the right to appeal under Rule 25.2(a)(2)(A);
2) if necessary, execute an amended certification of appellant's right to appeal;
3) make any other findings and recommendations the trial court deems appropriate; and
4) enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 35 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 35 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 35 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: _____/s/ Justice Peter Kelly_____
☑ Acting individually     ☐ Acting for the Court

Date: __January 23, 2019____