COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Marlon Windon v. The State of Texas

Appellate case number:      01-18-00500-CR

Trial court case number:    1535144

Trial court:                180th District Court of Harris County

Appellant, Marlon Windon, pleaded guilty, without an agreed punishment recommendation to the felony offense of evading arrest. *See* TEX. PENAL CODE § 38.04. The trial court assessed punishment at confinement for 10 years. The trial court's certification of appellant's right to appeal states that "the defendant has waived the right to appeal." Appellant timely filed a pro-se notice of appeal.

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

In the underlying case, appellant was charged with committing the offense of evading arrest. The record shows that appellant did not have a plea bargain with the State. The record also shows that the State abandoned one of its enhancement paragraphs. However, the plea agreement does not indicate that appellant waived his right of appeal in consideration for the State abandoning the enhancement.

A defendant may waive his right to appeal as a part of a plea even when sentencing is not agreed upon, where consideration is given by the State for that waiver. *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). Here, however, nothing in the

1

record indicates that appellant waived his right of appeal in exchange for the State abandoning one of the enhancement paragraphs.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall within 20 days conduct a hearing at which a representative of the Harris County District Attorney's Officer and appellant's counsel, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) Make findings regarding whether appellant waived his right to appeal and whether the enhancement paragraph was dismissed as consideration for appellant's waiving his right to appeal
2) If necessary, execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right to appeal; and
3) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f) 34.5(a)(12), (c)(2), 37.1

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court within 30 days of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within 30 dates of the date of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: ____/s/ Sherry Radack_____
            ☑ Acting individually    ☐ Acting for the Court

Date: __August 15, 2019__