**Appeal Dismissed and Memorandum Opinion filed November 17, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00547-CR

_____

**CHARLES  E. CHRISTIAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1636388**

## MEMORANDUM  OPINION

Appellant entered a guilty plea to evading arrest/detention with a motor vehicle. The trial court assessed punishment at confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice. We dismiss the appeal.

The trial court signed a certification of the defendant's right to appeal in which the court certified that the defendant waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on

appeal. *See* Tex. R. App. P. 25.2(d). The plea papers recite that in exchange for appellant's waiver of his right to appeal, the State consented to appellant's waiver of his right to jury trial. It has been held that such a waiver is valid if there was consideration. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). In this case, the State's consent to appellant's waiver of a jury trial ensured that the judge would be able to consider deferred adjudication. *See Broadway*, 301 S.W.3d at 697.

On September 29, 2020, this court notified the parties that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that the court has jurisdiction. No response has been received. The record does not reflect the trial court's certification is defective. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." Tex. R. App. P. 25.2(d).

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).