**Appeal Dismissed and Memorandum Opinion filed June 24, 2021.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-21-00113-CR
_____

**TEDRIA FLUELLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1701032**

## MEMORANDUM OPINION

Appellant entered a guilty plea to sexual performance of a child. The trial court sentenced appellant to confinement for fourteen years in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $100. We dismiss the appeal.

On May 10, 2021, a supplemental clerk's record was filed containing a certification of defendant's right of appeal signed April 21, 2021, which states "the defendant has waived the right of appeal." We are therefore required to dismiss

this appeal unless we conclude the trial court's certification was defective. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); Tex. R. App. P. 25.2(d).

The record reflects that in exchange for appellant's waiver of his right to appeal, the State consented to appellant's waiver of the right to a jury trial. *See* Tex. Code Crim. Proc. art. 1.13(a) ("The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19, the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state."). Such a waiver is valid if bargained for. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). The plea papers state appellant waived any right of appeal in exchange for the State giving up its right to trial. The record of the presentence investigation hearing reflects that appellant agreed on the record that in exchange for the State giving up its right to a jury trial, appellant was waiving any right of appeal.

The trial court entered a certification of the defendant's right to appeal in which the court certified that appellant waived his right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). On May 14, 2021, this court notified the parties that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that our court has jurisdiction. No response has been received. We dismiss the appeal.

PER CURIAM

Panel consists of Justices Bourliot, Poissant and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b)