**Dismissed and Memorandum Opinion filed March 26, 2024.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-23-00904-CR

**JONATHAN RAUNEL DESPAIGNE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1720026**

## MEMORANDUM OPINION

Appellant entered a guilty plea to the offense of aggravated assault with a deadly weapon without an agreed recommendation. *See* Tex. Penal Code. Ann. § 22.02. Based on the guilty plea the trial court found appellant guilty and assessed punishment at 10 years in the Institutional Division of the Texas Department of Criminal Justice.

In accordance with the terms of a plea-bargain agreement, appellant waived his right to appeal in consideration of the State's waiver of its right to a jury trial

and dismissal of a third felony indictment against appellant. *See Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009) (defendant may voluntarily waive right to appeal pursuant to plea bargain when sentencing is not agreed upon and defendant's punishment is uncertain). The trial court signed a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

On January 19, 2024, this court notified the parties that the appeal would be dismissed for want of jurisdiction unless a party demonstrated that the court has jurisdiction. Appellant did not file a response.

Accordingly, we dismiss the appeal for want of subject-matter jurisdiction.

PER CURIAM

Panel Consists of Justices Wise, Spain, and Hassan.

Do Not Publish – Tex. R. App. P. 47.2(b)