**Opinion filed April 4, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00039-CV

_____

## IN RE COMMITMENT OF RICARDO ISLAND

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR54554**

### M E M O R A N D U M   O P I N I O N

Appellant has filed a pro se "Consolidated Notice of Appeal and Informal Appeal Brief" that alleges three issues, one of which relates to the trial court's pretrial commitment of Appellant for the restoration of his competency to stand trial. Appellant's counsel has submitted a letter informing this court that Appellant's competency was restored, that he pleaded guilty to the charged offense in the underlying case, and requesting that we dismiss this matter as moot.

This court is prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). When an appeal becomes moot, we must dismiss it for want of jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012).

To the extent the "consolidated" notice of appeal relates to pretrial issues in his then-pending criminal case, we lack jurisdiction to address the appeal because Appellant has pleaded guilty to the charged offense pursuant to a plea bargain agreement and has waived his right to appeal. Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2).

Subsections (A), (B), and (C) are not applicable here, and Appellant's notice of appeal does not appear to relate to matters that were raised by a filed written motion and ruled on before trial. Nevertheless, with regard to subsection (A), a defendant may waive, as here, his right to appeal a trial court's rulings on pretrial motions, as long as the waiver is "voluntarily, knowingly, and intelligently" made. *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 1.14 (West 2005)); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). A waiver of this right "will prevent a defendant from appealing without the consent of the trial court." *Broadway*, 301 S.W.3d at 697 (citing *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)). The trial court has not granted permission for Appellant to appeal, and the trial court's certification states that Appellant does not have the right of appeal and that Appellant has waived his right to appeal. Rule 25.2 provides that, in the absence of the trial court's certification showing that the defendant has a right of appeal, the appeal "must be dismissed." TEX. R. APP. P. 25.2(d).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tᴇx. R. Aᴘᴘ. P. 25.2(d); 42.3(a).

W. STACY TROTTER

JUSTICE

April 4, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.