**Dismissed and Memorandum Opinion filed April 23, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00903-CR

---

## JONATHAN  RAUNEL DESPAIGNE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1665212**

---

## MEMORANDUM OPINION

Appellant was charged with two aggravated assaults with a deadly weapon. *See* Tex. Penal Code. Ann. § 22.02. On June 14, 2023, appellant entered a plea of guilty in trial-court cause number 1720026 (appellate case number 14-23-00904-CR) and went without an agreed recommendation to a pre-sentence investigation hearing. The State dismissed trial-court cause number 1665212. On November 17, 2023, after the pre-sentence investigation hearing, the trial court in

trial-court cause number 1720026 found appellant guilty and assessed punishment at 10-years imprisonment.

In accordance with the terms of a plea-bargain agreement, appellant waived his right to appeal in trial-court cause number 1720026 in consideration of the State's waiver of its right to a jury trial and dismissal of the second felony indictment in trial-court cause number 1665212. *See Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009) (defendant may voluntarily waive right to appeal pursuant to plea bargain when sentencing is not agreed upon and defendant's punishment is uncertain). After appellant's conviction and assessment of punishment in trial-court cause number 1720026, the trial court signed a certification of the defendant's right to appeal in which the court certified that this is a plea-bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The judgment and certification are included in the record on appeal for appellate case number 14-23-00904-CR. *See* Tex. R. App. P. 25.2(d).

This appeal is the result of appellant filing a pro se notice of appeal from the dismissal of the second indictment of aggravated assaults with a deadly weapon.[1] On March 13, 2024, this court notified the parties that the appeal would be dismissed for want of jurisdiction unless a party demonstrated that the court has jurisdiction. Appellant did not file a response.

Accordingly, we dismiss the appeal for want of subject-matter jurisdiction.

PER CURIAM

Panel Consists of Justices Wise, Spain, and Hassan.

Do Not Publish – Tex. R. App. P. 47.2(b)

---

[1] The clerk's record in this appeal contains the trial court's dismissal order and a certification of the defendant's right of appeal. That certification was unnecessary.