Opinion issued March 10, 2026



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00137-CR

————————————

**GABRIEL ADONAI GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 482nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1829771**

---

## MEMORANDUM OPINION

Appellant Gabriel Adonai Garcia pleaded guilty to the offense of murder and was sentenced to thirty-five years' incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice, in accordance with the plea bargain with the State. *See* TEX. PENAL CODE § 19.02. The State has filed a motion

to dismiss the appeal, arguing that appellant has no right to appeal. We dismiss the appeal.

The trial court's certification of defendant's right of appeal certified that appellant had no right of appeal because this was a plea-bargain case. The clerk's record contains a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, in which appellant agreed to plead guilty without an agreed recommendation as to punishment from the prosecutor, but the prosecution reserved the right to argue for any sentence within the available range of punishment.

The State filed its first motion to dismiss on August 5, 2025. Because the Court was not certain that the certification was correct, it denied the State's motion to dismiss, abated the appeal, and remanded to the trial court for a hearing to review whether there was a plea bargain and to rule on appellant's counsel's motion to withdraw. The trial court held a hearing and determined that there was a plea bargain and, because there was no right to appeal, the trial court did not need to rule on the motion to withdraw.

The State then filed a second motion to dismiss, again urging that we dismiss this appeal because it was a plea-bargain case with no right to appeal. The State cites to plea papers in which the State claims appellant "entered into a charge bargain whereby he would plead guilty in exchange for the dismissal of two aggravated assault charges then pending against him, and sentencing would be at the discretion

of the trial court." But the plea papers cited for this do not indicate that the State dismissed two assault charges in exchange for appellant's plea. The State also cites to a page in the reporter's record in which the trial court stated: "With all of that being said, the Court is confident that Mr. Garcia was not only explained his rights, that he understood his rights, that he freely and voluntarily waived his right to a jury trial to enter into a PSI, and that it was an ample plea bargain considering the State had to dismiss two cases in order to allow him to plea to a PSI." Although the trial court stated this, it does not appear in the language of the plea document that appellant signed. The judgment of conviction indicates that appellant waived the right to appeal and no permission to appeal was granted but there is no indication that appellant agreed to waive his right to appeal as part of a plea bargain.

But the plea document does contain the State's consent and approval of appellant's waiver of trial by jury and the stipulation of evidence. A defendant may not unilaterally waive the right to a trial by jury. *See Ex parte Broadway*, 301 S.W.3d 694, 698 (Tex. Crim. App. 2009). The State and the trial court must consent to the waiver. *See id.* We can construe this consent to show that both appellant and the State negotiated to give up their right to a jury trial in exchange for appellant's plea of guilty. *See Thomas v. State*, 615 S.W.3d 552, 564 (Tex. App.—Houston [1st Dist.] 2020, no pet.). Thus, we determine that the trial court correctly certified that this was a plea-bargain case with no right to appeal.

Where an appellant enters a plea bargain with the State, there is no right of appeal except as to those matters raised by written motion and ruled on before trial or after getting permission to appeal from the trial court. *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record contains no written motions filed by appellant and no permission to appeal was granted by the trial court. Accordingly, we must dismiss the appeal for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (appellate court must dismiss attempted appeal when appellant had no right of appeal because he was sentenced pursuant to agreed terms of plea bargain and did not satisfy exceptions to Texas Rule of Appellate Procedure 25.2(a)(2)).

We grant the State's motion and dismiss this appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).