**DISMISSED and Opinion Filed December 8, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01037-CR

**CHARLES EUGENE HUTCHINSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-54502-M**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Stoddart

Charles Eugene Hutchinson appeals the trial court's judgment convicting him of attempted possession of cocaine in an amount less than one gram. The trial court has filed a certification showing appellant (1) entered into a plea bargain and he has no right to appeal; and (2) he waived the right to appeal. Concluding the record supports the trial court's certification, we dismiss the appeal.

Appellant and the State entered into a written agreement in which appellant agreed to plead guilty and waive his right to appeal in exchange for a 365 day sentence. To effectuate the plea agreement, the State filed a motion to drop two enhancement paragraphs from the charge and also filed a motion to reduce the offense from a state jail felony to a Class A misdemeanor.

*See* TEX. PENAL CODE ANN. § 12.44(b) (West 2011). The trial court granted the State's motions and assessed the agreed punishment of 365 days in county jail.

When a defendant waives the right to appeal in exchange for valuable consideration from the State, the waiver is enforceable provided it is made voluntarily, knowingly, and intelligently. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009). Because the record showed appellant waived his right to appeal in writing, the Court requested letter briefs from the parties to address the question of whether the Court has jurisdiction over the appeal. Neither party chose to file a letter brief.

We conclude appellant's waiver of the right to appeal is enforceable. *See Jones*, 488 S.W.3d at 807–08; *Broadway*, 301 S.W.3d at 699; *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). Lacking jurisdiction over the appeal, we are required to dismiss the appeal without further action. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss the appeal for want of jurisdiction.

/Craig Stoddart/  
CRAIG STODDART  
JUSTICE

Do Not Publish  
TEX. R. APP. P. 47  
171037F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES EUGENE HUTCHINSON, Appellant

No. 05-17-01037-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-54502-M.
Opinion delivered by Justice Stoddart.
Justices Lang-Miers and Fillmore participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 8th day of December, 2017.