**Opinion issued June 27, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-18-00116-CR**

————————————

**LLOYD GIPSON CARTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1488008**

**MEMORANDUM OPINION**

Without an agreed punishment recommendation from the State, appellant, Lloyd Gipson Carter, pleaded guilty to murder. The State agreed to consent to Carter's waiver of his right to a jury trial in exchange for Carter's waiver of his right

to appeal.[1]  The trial court found Carter guilty and assessed his punishment at sixty years' confinement, and it certified that he had waived his right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  Carter timely filed a notice of appeal after his motion for new trial was denied.  *See* TEX. R. APP. P. 26.2(a)(2).

After this Court's abatement order for an amended certification of the right of appeal, if necessary, the State filed a motion for rehearing and motion for rehearing en banc of that abatement order, and appellant filed a response.  We agree with the State, withdraw the abatement order and reinstate this case, grant the State's motions for rehearing and to dismiss, and dismiss this appeal for want of jurisdiction.  We dismiss as moot the State's motion for en banc reconsideration.

## Background

On January 13, 2016, Carter was indicted for the first-degree felony offense of murder with the State alleging that he had intentionally and knowingly caused the death of Dominique Carter, his ex-wife, on November 9, 2015, by shooting her with a deadly weapon, namely, a firearm.[2]  On January 23, 2017, Carter, through his trial

---

[1]  Article 26.14 of the Code of Criminal Procedure "makes a jury trial on punishment the default option for a defendant who pleads guilty in a felony case."  *In re State ex rel. Tharp*, 393 S.W.3d 751, 754–55 (Tex. Crim. App. 2012) (citing TEX. CODE CRIM. PROC. ANN. art. 26.14).  The Court of Criminal Appeals explained that, "[t]o avoid the default option, the guilty-pleading defendant must waive his right to a jury under either Article 1.13 or Article 37.07," but "[t]o waive a jury under Article 1.13, the defendant must have the State's consent."  *Id.* at 755.

[2]  *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2), (c) (West 2011).

counsel, filed a motion for community supervision and a notice of punishment election to have the jury assess his punishment. Then on July 11, 2017, the last date set for his jury trial after it had been reset three times, Carter pleaded guilty to the first-degree felony offense of murder, without an agreed punishment recommendation from the State, pending a pre-sentence investigation ("PSI") report and hearing.

At the July 11, 2017 plea hearing, the trial court gave the standard plea admonishments to Carter to confirm that he had reviewed the plea waiver and admonishment paperwork with his counsel and that he had signed it. The trial court admonished Carter that, "[b]y signing these documents, you are giving up certain constitutional rights, which would be a right to a trial by jury, a right to cross-examine witnesses, and a right to testify or not on your own behalf," all of which Carter acknowledged. The trial court then stated that it would defer a finding of guilt until the PSI hearing because there was no punishment agreement.

While Carter's "Plea Terms," signed on July 11, 2017, stated that his plea was "WOAR-PSI," which meant that it was made without an agreed recommendation pending a PSI hearing, Carter's plea waiver paperwork stated both that he intended to plead guilty without an agreed recommendation pending a PSI and that the "State waives right to jury trial in exchange for Defendant waiving right to appeal." Underneath that agreement on Carter's plea waiver was the underlined phrase,

"Further, <u>I waive any right of appeal which I may have</u> should the court accept the foregoing plea bargain agreement between myself and the prosecutor," and Carter signed his name below that on July 11, 2017. Moreover, Carter's plea admonishment paperwork also stated twice that he was waiving his right of appeal, with both statements, "<u>[y]ou are giving up your right to appeal</u>" and "<u>I waive my right to appeal</u>" underlined on the paperwork, which he also signed on July 11, 2017. The trial court's July 11, 2017 certification of Carter's right to appeal indicated that he waived the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). The trial court later entered findings of fact and conclusions of law concluding that Carter had knowingly and voluntarily waived his right of appeal in exchange for the State's consent to Carter's waiver of his right to a jury trial.

**Analysis**

This case is controlled by the Court of Criminal Appeals's decisions in *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009) (holding that "a defendant may knowingly and intelligently waive his entire appeal as part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver"), and *Carson v. State*, 559 S.W.3d 489, 494–96 (Tex. Crim. App. 2018) (holding that record must show that State gave its consent to defendant's waiver of his right to jury trial "in exchange for the defendant's waiver of his appeal," and if so, defendant's "waiver was made in exchange for consideration

4

given by the State and, thus, was voluntary, knowing and intelligent."). The record reflects that Carter had initially elected to have the jury assess his punishment on January 23, 2017. Then on July 11, 2017, which was the last date set for his jury trial after it had been reset three times, Carter pleaded guilty to murder without an agreed punishment recommendation pending a PSI hearing, but his plea paperwork indicated that the "State waives right to jury trial in exchange for Defendant waiving right to appeal." The State's consent to Carter's waiver of his right to a jury trial was induced by Carter's waiver of his right of appeal, and that consideration made his waiver of appeal voluntary, knowing, and intelligent, which was a "bargain of a different sort" that did not involve an affirmative sentencing benefit to the defendant. *Carson*, 559 S.W.3d at 494–96.

Because Carter validly waived his right of appeal, he may not appeal his conviction. *See Ex parte Broadway*, 301 S.W.3d at 697; *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000); *see, e.g.*, *Patino v. State*, No. 01-17-00310-CR, 2018 WL 4087001, at *1 (Tex. App.—Houston [1st Dist.] Aug. 28, 2018, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction after record demonstrated that appellant had waived his right of appeal in exchange for State's consent to appellant's waiver of right to jury trial). Therefore, the record supports the trial court's certification that Carter waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2); *Dears*, 154 S.W.3d at 615.

**Conclusion**

Accordingly, we withdraw this Court's July 24, 2018 abatement order and reinstate this case, grant the State's motions for rehearing and to dismiss, and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss the State's motion for en banc reconsideration and any other motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).