**Opinion issued September 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00293-CR

————————————

**ANTHONY WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1557990**

---

## MEMORANDUM OPINION

Appellant, Anthony Williams, was convicted of the offense of robbery and sentenced to eleven years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. TEX. PENAL CODE § 29.02(a). We dismiss the appeal.

Williams was indicted for robbery, a second-degree offense. *See* TEX. PENAL CODE § 29.02(b). Williams pleaded not guilty and proceeded to a jury trial. After the jury found him guilty of the offense of robbery, but before the punishment phase began, Williams orally agreed that he had reached an agreement with the State as to punishment, in which he agreed to an 11-year sentence in exchange for waiving his right to appeal. The trial court imposed sentence in accordance with the jury's verdict of guilty and the agreed eleven-year sentence. Williams filed a notice of appeal.

The trial court entered a certification that Williams waived his right to appeal.[1] *See* TEX. R. APP. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See id.*

A waiver of the right to appeal is valid if it is "made voluntarily, knowingly, and intelligently" and this waiver will prevent the defendant from appealing without the trial court's permission. *Bruner v. State*, No. 01-18-00635-CR, 2018 WL 4131088, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (citing *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009)). The record indicates that Williams voluntarily agreed, with his counsel's advice, to waive his right to appeal in exchange for an eleven-year sentence after the jury found him

---

[1] The trial court added a handwritten ground in its certification of Williams's right to appeal. Because the handwritten ground essentially constitutes waiver of the right to appeal, we consider the certification to determine that Williams waived the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

guilty. Thus, the record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Because Williams has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.
Do not publish. TEX. R. APP. P. 47.2(b).